ALBERT TUCKER v. WILLIAM F. PARKER, DRAIN COMMISSIONER OF CHESTERFIELD, ET AL.

*Certiorari—Township drain.*

The Supreme Court will not, on *certiorari*, exercise an original jurisdiction for the purpose of curing defects in proceedings for laying out a township drain.

Persons aggrieved by proceedings to lay out a township drain should seek redress by appropriate proceedings in the circuit court, whence the appellate jurisdiction of the Supreme Court may be resorted to.

Certiorari to Drain Commissioners and Clerks of Chesterfield and Harrison in Macomb county. Jan. 5.—Jan. 17.

*A. L. Canfield* for plaintiff in certiorari.

*James B. Eldredge* for defendants in certiorari·

COOLEY, J. The proceedings in laying out a township drain are brought before us in this case by *certiorari* for the purpose of having them quashed. The proceedings were begun and concluded in the year 1882. They are claimed to be invalid for various defects.

The statute under which the proceedings were taken is the general act of 1881 (Public Acts, p. 367). The fortieth section of that act is given in the magin.*

────────────────────

* Sec. 40. The collection of no tax or assessment levied, or ordered to be levied, to pay for the location and construction of any drain laid out and constructed under this act, shall be perpetually enjoined or declared absolutely void in consequence of any error of any officer or board in the location and establishment thereof, nor by reason of any

No one can read that section without being convinced that it has a general purpose to save and uphold the proceedings in laying out and establishing drains wherever it can be done consistently with established principles, and with justice to parties concerned. For this purpose it intends to clothe whatever court may be called upon to review the action of the local officers with ample authority to adapt its remedies to the exigencies of particular cases, regardless of all technical rules which involve no principles of equity. It also contemplates that the court shall in some cases exercise an original jurisdiction for the purposes of curing substantial defects whenever it shall be found practicable.

It is very evident that this Court cannot exercise this jurisdiction on *certiorari*, and that the purpose of the statute must be defeated in many cases if the proceedings are brought here for simple reversal or affirmance by this writ. This is sufficient reason why, in general, we should decline this jurisdiction. We do not hold or intimate that the statute takes away this jurisdiction ; for possibly under the construction this would be incompetent ; but in the exercise of our discretion, and in order that effect may be given to the legislative intent wherever it shall be found practicable, we think it proper to decline to review the proceedings in this way. It will be open to all parties claiming to be aggrieved to seek redress by some appropriate proceeding in the circuit court,

---

error or informality appearing in the record of the proceedings by which any drain shall have been located and established, nor for want of proper release or condemnation of right of way. ' But the court in which any proceeding is now pending, or may hereafter be brought, to reverse or to declare void the proceedings by which any drain has been located or established, or to enjoin the tax levied to pay for the labor and costs and expenses thereof, shall, if there be manifest error in said proceedings, set the same aside and allow the plaintiff in the action to come in and show wherein he has been injured thereby. The court shall, on application of either party, appoint such person or persons to examine the premises, or to survey the same, or both, as may be deemed necessary; and the court shall, on a final hearing, make such an order in the premises as shall be just and equitable, and may order such tax to remain on the roll for collection, or order the same to be relevied, or may perpetually enjoin the same, or any part thereof, or if the same shall have been paid under protest, shall order the whole, or such part thereof as may be just and equitable, to be refunded, the costs of said proceedings to be apportioned among the parties as justice may require.

and it will in general be more conducive to substantial justice that they shall do so. The appellate jurisdiction of this Court will still be available to parties who may feel themselves aggrieved by the orders or decrees of the circuit court.

The writ will be quashed, but without costs.

The other Justices concurred.