## LANNING *v.* ·PALMER.

LANNING *v.* ·PALMER.

1. DRAINS—CLEANING—NOTICE OF LETTING CONTRACTS.

Act No. 227, Pub. Acts 1885, as amended by Act No. 203, Pub. Acts 1893, provides ( chapter 8, § 1 ) that, whenever a drain shall need widening or extending, the same proceedings shall be had as in case of locating and constructing a drain in the first instance. The same section provides for the cleaning out of established drains upon the application of a majority of the owners of lands assessed for the original construction, and makes it discretionary with the commissioner to fix the assessment in such case on the same basis as for the original construction. *Held,* that service of personal notice of the time and place of letting contracts for the cleaning out of a drain, upon persons whose lands are subject to assessment therefor, is unnecessary, where the drain is not to be deepened or widened as well.

2. SAME—APPLICATION—AVERMENTS.

The fact that a petition for cleaning out a drain suggests also its deepening does not make it incumbent upon the commissioner to follow the procedure prescribed by the statute with respect to the deepening and widening of drains, where it is clear that cleaning only is contemplated by the petitioners.

3. SAME—JURISDICTION.

Where the petition in proceedings under the drain law is in due form, the commissioner has jurisdiction, regardless of subsequent irregularities.

4. SAME—IRREGULARITIES—CERTIORARI.

Proceedings for cleaning out a drain will not be set aside on *certiorari* for mere irregularities, after the work has been completed, at the suit of property owners who made application for the improvement and acquiesced in the work.

Error to St. Joseph; Yaple, J.   Submitted June 9, 1898.   Decided July 12, 1898.

*Certiorari* by Ezra Lanning, John Falkenstine, Jr., and others, to review the proceedings of Charles A. Palmer,

117 MICH.—34.

county drain commissioner, in the matter of cleaning out a drain. The circuit court dismissed the writ, and plaintiffs bring error. Affirmed.

*Hugh P. Stewart* and *Burritt Hamilton*, for appellants.

*George H. Arnold*, Prosecuting Attorney (*Alfred Akey*, of counsel), for appellee.

LONG, J. *Certiorari* to review the proceedings of the defendant, as county drain commissioner, to clean out what is known as "Section Sixteen Drain" in St. Joseph county. The cause was heard in the circuit court, and comes into this court by writ of error. The court below dismissed the writ of *certiorari*.

It appears that on March 1, 1897, all the plaintiffs in the writ of *certiorari* but Falkenstine petitioned the county drain commissioner, stating in the petition that—

"The said drain needs cleaning out from the north line, south 170 rods or more, to the half-section line; that such cleaning out and deepening is a necessity by reason of agricultural purposes. And your petitioners do hereby make application, and respectfully request, that said section sixteen drain may be cleaned out, in accordance with the provisions of Act No. 227 of the Public Acts of 1885, as amended."

Such proceedings were thereafter had that contracts were let, the drain cleaned out, and an assessment made for the cost of the work.

While several grounds of error are set out in the affidavit for the writ, we shall notice those only which are discussed in the brief of plaintiffs' counsel.

It is claimed that no notice was given, as required by the statute, of the time and place of letting, by serving personal notice upon every person whose lands were affected by such assessment. The proceedings were had under the provisions of Act No. 227, Pub. Acts 1885, as amended by Act No. 203, Pub. Acts 1893. Section 1 of chapter 8 of the

latter act provides for the cleaning out of established drains upon the application of a majority of the owners of the lands assessed for the original construction; that the assessment for the work in cleaning out the drain may, in the discretion of the commissioner, be upon the same per cent. fixed for the original construction thereof.   This same section provides that, whenever any such drain shall need widening or extending, the same proceedings shall be had throughout in every respect as provided in the act for locating and constructing a drain in the first instance.   While the petition suggests the deepening of the drain, yet the petition and the subsequent proceedings show that it was intended to ask only a cleaning out of the drain; and the commissioner returns to the circuit court in his return to the writ of *certiorari* that—

"This defendant, acting under the petition, did not deepen said drain, and in cleaning out said drain did not go to the depth as established by William McLoughlin, when he was called out in 1892 as aforesaid, and did not dig as wide as said McLoughlin had then established; and that he fixed the assessments in the same proportion as was fixed by McLoughlin."

As the statute of 1893 provided, it was only when widening or extending that the same proceedings were necessary as in the construction of the drain.   The commissioner did not widen or extend the drain.   It was the evident intent of the legislature that, in the cleaning out of the drain, the commissioner need not take the same steps as in the original construction of it.   The land had been already condemned for that purpose.   In cleaning out, the commissioner was simply working upon land already appropriated for the drain.   Had this been an original proceeding to construct the drain, then the notice would have been necessary.   As the defendant was not constructing a new drain, it was not necessary to take the steps required by the act in such cases.   A petition was filed with him, as required by the act, and he let the contract to the lowest bidders to clean out the drain.   The

petition was in due form, and conferred jurisdiction upon the commissioner. *Hall* v. *Slaybaugh*, 69 Mich. 484.

The other questions raised relate to mere irregularities in the proceedings. The original drain was legally laid out. The contracts for cleaning out were carried out, and the work is completed. The plaintiffs here petitioned for the cleaning out, and now seek to avoid the payment of the expenses by having the proceedings set aside. They acquiesced in the work, and cannot now be heard to complain. *Tucker* v. *Parker*, 50 Mich. 5; *Whitbeck* v. *Hudson*, Id. 86; *Brady* v. *Hayward*, 114 Mich. 326.

The judgment of the circuit court must be affirmed.

The other Justices concurred.