ELIZABETH L. WATHEN

*v.*

ALLISON DITCH DISTRICT No. 2.

*Opinion filed December 22, 1904.*

DRAINAGE—*when a prima facie case cannot prevail in drainage assessment.* The *prima facie* case of benefits made by the assessment roll in a drainage assessment case cannot prevail where the competent evidence in the case clearly shows the assessment grossly excessive.

APPEAL from the County Court of Lawrence county; the Hon. J. D. MADDING, Judge, presiding.

TOHILL & KINGSBURY, for appellant.

S. B. ROWLAND, and C. J. BORDEN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The jury empaneled by the county court of Lawrence county, under the provisions of paragraph 45 of chapter 42, (2 Starr & Cur. Stat. 1896, p. 1509,) to assess the benefits to the lands embraced within Allison Ditch District No. 2, in said county, by the construction of the drainage ditch, returned a total assessment of $627.40 for benefits to 214.90 acres of land belonging to the appellant. The lands consisted of two tracts, described as follows: The fractional northwest quarter of section 27, town 4, north, range 10, west, 148.65 acres, which was assessed for $348.65, and the fractional north half of the south-west quarter of said section 27, containing 66.25 acres, which was assessed for $278.75. The appellant filed objections to the assessment, in substance, that the lands were so situated that they were not in any way benefited by the ditch except for sanitary purposes, and that each tract was assessed for benefits in a greater amount than any benefits derived from the work. The jury was re-con-

vened and the evidence bearing upon the objections was submitted, the result being a reduction of the benefits assessed to the fractional north-west quarter to $292.65 and à reduction of the benefits to the fractional north half of the south-west quarter to $262.75, being a total reduction of $72. The appellant contended that it was shown by the evidence that the said lands were not benefited to any extent by the construction of the ditch, except, possibly, for sanitary purposes, and has perfected this appeal.

It was stipulated that a tax of twenty-five cents per acre was the extent of the benefits conferred on the land for sanitary purposes.

Five witnesses gave testimony on the hearing, all of whom were introduced by the appellant. The northernmost end of the ditch, being the starting point thereof, is between one-third and one-half mile south of the nearest part of the appellant's lands and south of the westernmost limits thereof.

There was no conflict in the testimony of the different witnesses. It appeared from their testimony that the greater part of the appellant's lands slopes toward the east and south-east; that a ridge or elevation extends from north to south across the lands and somewhat west of the center of the tracts, and that all of the water falling or coming on the lands east of the ridge flows to the east and the south and does not reach the head of the ditch, and could not be carried there against the natural course of drainage except by the construction of a long, expensive ditch through the ridge. The testimony also showed that the only portion of the land which needed drainage west of the ridge was in the south-west corner, where there was a small pond or depression, which, in occasional seasons only, rendered an acre and a half or two acres of the land too wet for cultivation; that to drain this portion of the land would require the construction of a ditch one-half mile in length in order to reach the head of the district ditch. Some of the witnesses thought such a ditch would drain the depression or pond only, and

one witness thought that possibly twelve acres in the south-west corner might be benefited by the construction of a ditch from the pond south to the head of the drainage ditch, but all agreed that the expense of digging the ditch from the pond to the drainage ditch would, when the small tract benefited was considered, be too great to justify that course. The witnesses were all farmers. Four of them had cultivated the lands of appellant,—two of them for five years, one for two seasons, and the other was the husband of appellant, who had known or cultivated all or a portion of the farm for more than thirty years. The other of the five witnesses had lived for twelve years within one-fourth mile of the lands. The testimony of these witnesses, if there was no reason for refusing it weight and credit, plainly demonstrated that the assessment was grossly excessive. There is no other testimony to be found in the record.

Counsel for the appellee district say this testimony is not sufficient to overcome the *prima facie* case made by the assessment roll returned by the jury after the personal view of the premises by them, "and the evidence of the engineers." The assessment roll makes a *prima facie* case that the assessment is correct, and is sufficient to establish that fact if not rebutted. But here the objector produced evidence showing the assessment to be unjust. Such proof being produced, the presumption was not, of itself, sufficient to authorize the confirmation of the assessment, but the case made by the proofs offered by the objector must be met by other testimony. *Prima facie* evidence means evidence which is sufficient to establish the fact unless rebutted. (22 Am. & Eng. Ency. of Law,—2d ed.—1294.) A *prima facie* case cannot prevail if rebutted or the contrary shown by competent proof. *Lovell v. Drainage District,* 159 Ill. 188.

It does not appear from the record that the engineer testified on the hearing before the jury, nor do we find anything in the record to show that the engineer at any time took any action whatever with reference to these tracts of land.

The testimony submitted to the jury plainly and fully rebutted the presumption arising from the return of the assessment roll, and the trial court erred in refusing to set aside the verdict and grant a new trial.

The judgment must be and is reversed, and the cause will be remanded for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*