THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1905.*

1. EMINENT DOMAIN—*when instruction as to form of verdict will reverse.* Giving an instruction as to the form of verdict in a condemnation case, which leaves blank the amount of compensation to be allowed for land actually taken but which provides, in terms, that "we, the jury, find no other property will be taken or damaged," is reversible error, where the defendant's evidence tends to show that it is entitled to damages to property not taken.

2. SPECIAL ASSESSMENTS—*section 23 of Local Improvement act is constitutional.* Section 23 of the Local Improvement act of 1897, in so far as it makes the report of the commissioners in a condemnation proceeding to open a street by special assessment *prima facie* evidence as to compensation and benefits, is not unconstitutional, since it is a mere rule of procedure, which changes only the burden of proof.

3. EVIDENCE—*right of city to show way by user.* In a proceeding to extend a street across a railroad right of way by special assessment it is competent for the city to prove a way by user at that point even though of less width than the proposed extension, which proof may be considered in connection with that of the defendant that the extension of the street across its yards would render its yards less useful and greatly increase the cost of transacting its business therein.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JESSE B. BARTON, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee city adopted an ordinance providing for the extension of South Homan avenue across the right of way of the appellant company, the cost thereof to be paid by special assessment to be levied on property benefited by the improvement. The commissioners' report estimated the value of the property to be taken at one dollar, and "the total damages to property not taken, no dollars." The appellant company filed an answer and also a cross-petition. In the latter pleading it alleged that the proceeding is for the purpose of opening South Homan avenue across the railroad yards of respondent, and set forth that on the land sought to be taken are two main tracks and eight other tracks, the latter constituting a part of its yards, which yards extend from Kedzie avenue to Central Park avenue, a distance of about one-half mile and being 124½ feet in width, and alleging that if Homan avenue is opened it will decrease the value of respondent's property at least $50,000. The issues were submitted to a jury for trial. A verdict was returned fixing the just compensation to be paid for the property taken at one dollar and finding that "no other property will be taken or damaged." Judgment of condemnation was entered accordingly, and the appellant company has perfected this appeal to reverse the judgment.

Witnesses produced in behalf of the appellant company testified that the company owned yards extending from Kedzie to Central Park avenue, a distance of one-half mile and of a width of 124½ feet; that the proposed opening of the avenue would extend the same across these yards about midway of the length thereof and across ten of the tracks of the appellant company, two of said tracks being main tracks and the other eight switching tracks or yard tracks; that the company used the property over a portion of which it was

proposed to extend the avenue, as one of its yards, and that the opening thereof would require the employment by the appellant company of an additional locomotive and the necessary force of employees to operate the same for one-half of each working day; that additional time and force would be required in order to comply with the requirement of law that the avenue shall not be obstructed by cars beyond a specified time; that cars could not be put in motion in the yards and allowed to run unattended across the avenue if extended over the yards, as may now be done, thus increasing the number of employees to be paid by the appellant company and thus damaging and decreasing the value of the portion of the yard not to be occupied by the avenue. These witnesses expressed the opinion that the expenses of transacting the business of the company in the yards would be increased in the sum of $15 to $20 per day by the opening of the avenue as proposed by the ordinance. The city offered no testimony to contradict the testimony of these witnesses.

The court gave to the jury a prepared form of the verdict to be rendered, as follows: "We, the jury, find the just compensation to be paid to the owner or owners of the following described pieces and parcels of land and property sought to be taken for the proposed improvement aforesaid, as follows, to-wit: To the owner or owners of that part of the right of way of the Chicago Terminal Transfer railroad lying within the east and west lines of South Homan avenue produced from the south, * * * the sum of . . . . . . We, the jury, find no other property will be taken or damaged." At the time said form of verdict was given to the jury the court said to the jury: "Then here is a form of verdict which you are all to sign after filling up the amount which you will award."

The appellant company has just cause to complain that this verdict, accompanied by the remarks of the court, was erroneous and prejudicial to its cause. It eliminated from the case, so far as the jury were called upon to decide, the

contention of the appellant company that the extension of the
avenue across its yards would impair the usefulness of prop-
erty belonging to the company other than the area of the
yard included within the proposed projected limits of the
avenue. The verdict contained the distinct statement that no
other property than that to be taken would be damaged, and
the remark of the court could scarcely have been otherwise
considered by the jury than as a positive direction that they
had no further duty to perform than to insert in the blank
space in the verdict the amount they found the appellant
company entitled to receive as compensation for so much of
the right of way as would be occupied also by the public as a
street when the avenue should be opened, sign the verdict and
return the same into court. The evidence produced by the
company, heretofore referred to, which showed that property
belonging to it that was not to be taken would be damaged
was practically rendered inoperative by this form for a ver-
dict and by the remark of the court relative thereto.

The contention of the appellant company that so much
of section 23 of the Local Improvement act of 1897 as makes
the report of the commissioners *prima facie* evidence is con-
trary to the constitutions of the United States and of the
State of Illinois, is not well advanced. Statutes giving *prima
facie* weight to facts or to official certificates are properly re-
garded as rules of procedure changing the burden of proof.
In the absence of this statute the city, in the case at bar,
would have been required, in the first instance, to assume the
burden of producing proof relative to the amount which the
appellant company would be entitled to receive by way of
compensation for so much of its right of way as would be
also occupied by the proposed public way. The statute does
no more than to declare that this amount shall be inferred
or assumed from the report of the commissioners until evi-
dence to the contrary is introduced. That statutes of this
character, giving presumptive or *prima facie* weight to facts
or official certificates, are valid and constitutional is not an

open question in this court. (*Meadowcroft* v. *People,* 163 Ill. 56; *Gage* v. *Caraher,* 125 id. 447; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 id. 361.) Professor Wigmore regards such statutes as creating rules of presumptions changing the burden of proof, and as not contravening the constitutional provision that no person shall be deprived of his property without due process of law. (2 Wigmore on Evidence, pp. 1670, 1671.) The report in the case at bar established *prima facie* that the occupation of a portion of its yards by the public for use as a public avenue did not damage any other property belonging to the company. This *prima facie* case was subject to be rebutted, and, as we have seen, was met and overcome by the proof produced in behalf of the appellant company. The presumption therefore no longer prevailed. (*Wathen* v. *Allison Ditch District,* 213 Ill. 138.) On the contrary, the evidence produced in behalf of the appellant established that it was entitled to an assessment of damages in its favor on the cross-petition.

It was competent for the city to show, if it could, that a right of way for public travel across the tracks of the appellant company at the point in question had been established by user. If that right existed even for a way less in width than the width of the avenue proposed to be laid out across the right of way, it was proper to be considered in connection with the proof produced on the part of the appellant company for the purpose of showing that its yards were rendered less convenient and the cost of transacting its business in the yards greatly increased by the opening of a public way through the yards.

For the error indicated the judgment will be reversed and the cause will be remanded for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*