STATE v. JOHN A. McGUIRE.[1]

November 5, 1909.

Nos. 16,387—(127).

**Widening County Ditch — Notice to Owners.**

Section 26, c. 230, p. 327, Laws 1905, the drainage act of that year, so far as it attempts to confer upon the board of county commissioners, without notice to or opportunity by interested property owners to be heard, authority to enlarge a previously constructed ditch, by widening its banks or deepening its channel, and to assess the cost and expense to adjacent property, is not due process of law, and is unconstitutional and void.

**Same — Repairs.**

Ordinary repairs might be so authorized.

**Enlargement of Ditch.**

The improvement involved in this case *held*, on the record, an enlargement of the ditch by deepening its channel; and, no notice or opportunity to be heard being provided for or given the owners of adjacent property, the proceedings and assessment were void.

In proceedings in the district court for Renville county to enforce payment of taxes on certain real estate remaining delinquent on the first Monday in January, 1909, defendant answered that, except as to

[1]Reported in 122 N. W. 1120.

the amount of general taxes, the amount claimed constituted the benefits assessed, without notice and pursuant to Laws 1905, c. 230, § 26, against his land by the county commissioners of that county for benefits caused by the repair of a certain public ditch, and the assessment was void and the statute cited unconstitutional. The case was tried before Powers, J., who made findings and as conclusions of law found that Laws 1905, c. 230, § 26, was not unconstitutional, at least in so far as it provides for keeping in repair, removing obstructions from and deepening a public ditch after its construction; that the acts of the board of county commissioners in the premises were legal and valid, and that defendant was not entitled to relief. From an order denying defendant's motion for a new trial, he appealed. Reversed and new trial granted.

*C. A. Fosnes,* for appellant.

*Frank Murray,* County Attorney, and *Daly & Barnard,* for the State.

BROWN, J.

In 1898, in proceedings had for that purpose, the board of county commissioners of Renville county duly laid out and constructed a drainage ditch, known and described in the record as "County Ditch No. 2." Lands now owned by appellant, but then owned by one Gronnerud, being benefited by the ditch, were, with other lands adjoining thereto, duly assessed for the benefits so accruing. Thereafter, in July, 1905, one Brunner, an owner of land affected by the ditch, appeared before the board of county commissioners and represented that the ditch had become obstructed by the accumulation of grass and rubbish, and petitioned the board to take action for the removal of the same, to the end that the ditch might serve the purpose intended by its construction. Whereupon the board, by proper resolution, appointed John D. Morgan as engineer, and directed him to make due investigation, and report the condition of the ditch and the cost and expense of removing the obstructions therefrom. In his report, subsequently made, he recommended the removal of all obstructions, and also the deepening of the ditch one foot its entire length, estimating the cost and expense thereof at $3,582. The re-

port of the engineer was in substance adopted, and the board ordered the improvements there recommended to be made. Assessments for benefits were duly made, and, appellant failing to pay the amount assessed against the tracts of land owned by him, the land was duly charged with the amount by the county auditor upon the tax duplicate for the year 1909, as provided by section 26, c. 230, p. 327, Laws 1905. Whereupon appellant appeared and interposed, in opposition to the right of the board to enforce the assessment, the invalidity of the statute just referred to, under which the proceedings were had in repairing the ditch and making the assessments.

The facts stated were not controverted on the trial below, and it was stipulated by the parties that the only question in the case was "as to the legality of the assessment for repair, widening and deepening of the ditch, and as to the constitutionality of section 26," c. 230, Laws 1905. The trial court found the facts substantially as stated, and, further, that "the assessments so made by said board were to pay the cost and reimburse the county for repairing said ditch by removing obstructions therefrom, and deepening the same one foot a part of its length." As conclusions of law the court held the statute constitutional, the proceedings of the board valid, and judgment was ordered against appellant for the amount of the assessments against the land owned by him. Whereupon appellant moved for a new trial and appealed from an order denying it.

The objection to the validity of the statute is that it makes no provision for notice to interested parties, or otherwise affords them an opportunity to be heard upon questions affecting the propriety and necessity of the improvement authorized to be made under the statute, and is therefore unconstitutional and void as depriving those against whom assessments are made of their property without due process of law. The statute, a part of the drainage act of 1905, provides that after the construction of any ditch the board of county commissioners of the proper county shall keep the same in repair and free from obstructions, and authorizes the widening or deepening thereof, if in the judgment of the board necessary to answer the purpose of its construction. It further provides that the cost and expense of such improvements shall be paid from the general revenue fund of the county,

reimbursing that fund by special assessments upon benefited property. As urged by counsel for appellant, the statute contains no provision for notice to interested parties, or for an appeal from the action of the board, or any other method or opportunity by which the landowners may be heard at any stage of the proceedings. In short, the proceedings under this section are wholly ex parte.

We are of opinion that the statute, in so far as it attempts to clothe the board of commissioners with ex parte power and authority to enlarge, by widening or deepening, a ditch theretofore constructed, is unconstitutional and void by reason of its failure to provide some kind of notice to those who are required by the statute to defray the expense of the improvement, or afford them an opportunity at some stage of the proceedings to be heard upon all questions necessary to be determined in order to justify the proposed work.

It is clear that the original proceeding could not be authorized by the legislature without some provision for notice or opportunity to be heard upon these questions (28 Cyc. 979; Hamilton, Special Assessments, § 141); and it is equally clear that the enlargement of a ditch already constructed, either by widening or deepening it, would, for all practical purposes, constitute a new ditch, depending, perhaps, upon the extent of the enlargement. There is a distinction between repairing a ditch, by removing obstructions therefrom, and widening or deepening it. Harbaugh v. Martin, 30 Mich. 234; Lanning v. Palmer, 117 Mich. 529, 76 N. W. 2; Taylor v. Crawford, 72 Oh. St. 560, 74 N. E. 1065, 69 L. R. A. 805, and cases cited in note. In some of the states it has been held that, even in the case of ordinary repairs, notice and opportunity to the landowner to be heard at some point in the proceedings is essential to the validity of a statute authorizing the same (Campbell v. Dwiggins, 83 Ind. 473), though the authorities on the point are not in harmony. But we find no conflict upon the proposition that authority to enlarge a ditch, either by widening its banks or deepening its channel, must be upon notice of some kind. Fries v. Brier, 111 Ind. 65, 11 N. E. 958; Weaver v. Templin, 113 Ind. 298, 14 N. E. 600; Deuyer v. Shonert, 1 Oh. C. C. 73; City of Owensburg v. Brocking (Ky.) 87 S. W. 1086; Romack v. Hobbes (Ind.) 32 N. E. 307.

If the statute under consideration authorized ordinary repairs only, such as removing obstructions and accumulations of foreign substances in the ditch, we would follow the rule of the Iowa court, and some of the other states, to the effect that provision for notice to the owners of adjoining property is not essential to the validity of the statute. Yeomans v. Riddle, 84 Iowa, 147, 50 N. W. 886. We practically so held in the case of McMillan v. Board of Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384, where section 25, c. 258, p. 427, Laws 1901, was construed and upheld, though the precise point does not seem to have been raised. The cost and expense of ordinary repairs, the removal of rubbish and obstructions, if properly made from year to year, would be inconsiderable, and no serious burden to property owners, and a requirement of notice and other proceedings essential to an original undertaking would be impractical, render the work of the board unnecessarily cumbersome, and serve no substantial purpose. And, as suggested, if this statute were so limited, notice would be held unnecessary.

But it is not so limited. On the contrary, the statute not only authorizes repairs, but grants to the board the further power to enlarge the ditch by widening its banks or deepening its channel. And, respecting this additional power, it contains no limitation respecting the extent to which the board may go. Under its authority an existing ditch may be widened or deepened one, two, or more feet, depending upon the arbitrary action of the county board, guided in the main, perhaps, by recommendations of their engineer. Clearly this should not be authorized without notice to those who must in the end defray the expense.

The suggestion on the oral argument that property owners are afforded full and adequate opportunity to be heard by presenting their defenses and objections in this proceeding is not well taken. This proceeding is for the purpose of obtaining judgment against benefited property for the amount of assessments made against it, and is controlled by the general statutes on the subject of tax judgment proceedings. All defenses there authorized to be interposed, so far as here pertinent, are contingent upon an affirmative showing by the property owner that the tax or assessment was unfairly or unequally

assessed. State v. Backus-Brooks Co., 102 Minn. 50, 112 N. W. 863; State v. Cudahy Packing Co., 103 Minn. 419, 115 N. W. 645, 1039. And it is clear that the merits of the proposed improvement could not be heard or determined in this proceeding, and it furnishes, therefore, no substitute for notice of opportunity to be heard in the prior proceeding. We therefore conclude that section 26, c. 230, p. 327, Laws 1905, in so far as it authorizes the board of county commissioners to enlarge a previously constructed ditch by widening its banks or deepening its channel, is unconstitutional and void, for the reason that it contains no provision for notice to interested parties or otherwise affords them an opportunity to be heard.

It remains, then, to consider the claim of counsel for respondent that this particular proceeding involved ordinary repairs only. This does not require extended discussion; for, as we read the record, a deepening of the ditch was clearly contemplated, in addition to the removal of obstructions therefrom. The engineer recommended, not only clearing the ditch of all obstructions, but deepening the same one foot for its entire length. The county board in substance adopted this report and ordered the improvement accordingly, not, however, to the extent of deepening the ditch its entire length, limiting the deepening process to a portion of the ditch only. The trial court found that the assessment sought to be enforced was to reimburse the county for repairing the ditch "by removing obstructions therefrom, and deepening the same one foot a part of its length." This, within the authorities heretofore cited, went beyond repairs, within the meaning of the law, and resulted, in part, at least, in a new ditch, and the same reason for requiring notice to the interested landowners and an opportunity to be heard applies.

Order reversed and new trial granted.