CITY OF STILLWATER v. C. HENNINGSEN.[1]

November 19, 1909.

Nos. 16,257—(50).

**Local Assessment — Prima Facie Presumption of Regularity.**

The assessment roll adopted by the common council of the city of Stillwater, levying a special assessment upon abutting property to pay for the repavement of a street, together with a warrant to the city treasurer, executed by the mayor and city clerk under the seal of the city, directing the treasurer to collect the assessment as required by law, are, under the charter of that city, sufficient to create a prima facie presumption that the preliminary steps were taken which were necessary to give the council jurisdiction to make the assessment.

**Application for Judgment — Entry.**

Upon an application to the district court for judgment against several distinct tracts of land to enforce assessments based upon one assessment roll, one general judgment only should be entered.

Application by the treasurer of the city of Stillwater to the district court for Washington county for judgment against certain parcels of land upon an assessment for the cost of constructing a certain pavement. Defendant answered and set up the objections mentioned in the opinion. The matter was heard before Stolberg, J., who ordered the entry of a separate judgment against each of the parcels described. From the six judgments entered pursuant to the order of court, and from an order denying defendant's motion for judgment in his favor or for a new trial, defendant appealed. Remanded, with direction that upon application of either party the

[1]Reported in 123 N. W. 289.

judgments be vacated, and one general judgment entered confirming the assessment.

*C. Henningsen,* pro se.

*L. L. Manwaring,* for respondent.

O'BRIEN, J.

On June 20, 1908, the authorities of the city of Stillwater transmitted to the treasurer of that city a warrant commanding him to proceed to collect the special assessment, which the warrant recited was "duly adopted by the city council of the said city of Stillwater on the 16th day of June, 1908." The treasurer instituted the proceedings and gave the required notice. The appellant, who owned seven of the assessed tracts, appeared and answered, alleging that the repaving was unnecessary and unauthorized, that no commissioners had been appointed by the common council to assess benefits and damages, and that one of the aldermen of the city who voted for the improvement was, in violation of the charter, financially interested in the repaving contract.

At the hearing the warrant and a certified copy of the assessment roll were received in evidence over the objection of appellant "as incompetent because there are no warrants, as required by the city charter, and because the report fails to show any proceedings to give the city council authority to order said assessment." It was stipulated in open court that no commissioners had been appointed to make the assessment, that the street was formerly paved with cedar blocks and subsequently macadamized, and that such macadamizing was paid for by a special assessment, was subsequently removed, and the present brick pavement substituted. There was some difference in the description of one tract as given in the assessment roll and as set forth in the answer, and it was stipulated that the description in the amended answer was correct, "and that all the proceedings herein may be amended so as to conform to the said description." Upon this evidence a separate judgment was ordered and entered against each tract for the assessment levied against it.

Section 8, subc. 10, c. 92, p. 584, Sp. Laws 1881, as amended by section 38, c. 6, p. 313, Sp. Laws 1887, contains the provisions of

the charter of the city of Stillwater authorizing the levying of special assessments to repave a street. It provides that, when the city council determines upon that or a similar improvement, it shall be the duty of the city engineer to make and present to it a report as to the proposed improvement, which is required to be published in the official paper, laid over until the next meeting of the council, occurring at least one week after its reception of the report, at which time all persons interested may appear and be heard, and thereafter the council may adopt an assessment roll, which "may be in the following or any other form which the city council may deem proper." The form as given provides for the name of the owner, if known, description of land, and the amount of the assessment, terminating with the signature of the president of the council and of the city clerk. The assessment roll offered in evidence did not contain the name of the owner, and was not signed by the president of the council, or attested by the city clerk; but the warrant to the city treasurer was signed by the mayor and clerk and recited the due adoption of the assessment roll.

To give the council authority and jurisdiction to levy a valid assessment, it was necessary that the preliminary steps provided for in the charter should have been taken. Overmann v. City of St. Paul, 39 Minn. 120, 39 N. W. 66; Sewall v. City of St. Paul, 20 Minn. 459 (511); Minnesota Linseed Oil Co. v. Palmer, 20 Minn. 424 (468); State v. McGuire, supra, page 88, 122 N. W. 1120. The jurisdiction of the district court to entertain the proceedings and adjudicate upon their validity would not be affected by the omission of any preliminary step to be taken by the council or engineer, and when appellant appeared and answered the court had complete jurisdiction to render judgment against the property, if the evidence produced at the hearing justified that result. City of Duluth v. Dibblee, 62 Minn. 18, 63 N. W. 1117. The charter of the city provides (section 16, subc. 10, c. 92, p. 590, Sp. Laws 1881): "* * * And the assessment roll, and the record thereof kept by the city clerk, shall be competent and sufficient evidence that the assessment was duly levied and the assessment roll duly made and adopted, and that all other proceedings antecedent to the adoption of such assessment

roll were duly had, taken and performed as required by this charter. * * *"

The warrant and assessment roll offered in evidence, while not precisely in the form given in the charter, were sufficient, in view of the charter provision that the council might adopt any form, to establish prima facie the presumption that the preliminary proceedings requisite to the making of a valid assessment had been taken. State v. District Court of Ramsey County, 33 Minn. 164, 22 N. W. 295; State v. City of Hastings, 24 Minn. 78; State v. District Court of Ramsey County, 29 Minn. 62, 11 N. W. 133; City of Duluth v. Krupp, 46 Minn. 435, 49 N. W. 235; Wathen v. Allison, 213 Ill. 138, 72 N. E. 781. No evidence was offered to overcome this presumption; the appellant resting upon his objection to the evidence, the fact that no commissioners were appointed to make the assessment, and his claim that one of the aldermen was pecuniarily interested in the contract. If commissioners were required, the fact, as stipulated, that none were appointed, would be sufficient to overcome the presumption of regularity; but the charter places the authority to order an improvement of this character and to levy an assessment entirely with the city council. The necessity for commissioners only exists when the improvement as proposed contemplates the taking of land for public use. If, as is claimed, one of the aldermen voting for the improvement was pecuniarily interested in the contract, that fact would not invalidate the assessment. The propriety of his conduct, as well as its effect, must be determined in some other proceeding to which he is a party. The presumption of regularity which followed the introduction of the assessment roll and the warrant was not overcome.

The trial judge made orders for judgments against each tract separately, and six judgments were entered, in each of which costs were included to the fullest extent. There was only one assessment roll, one application, one answer, and one hearing. The charter of the city provides (section 36, c. 50, p. 538, Sp. Laws 1891) that each report of the treasurer to the district court "shall constitute a separate proceeding or suit," and, further, "that the court may, by rule or otherwise, direct how and in what form such proceedings and

judgments may be entered or docketed." In our opinion the pro-
vision that each report shall constitute a separate proceeding or suit
is controlling, and the discretion vested in the court to direct the
form of judgment does not go to the extent of authorizing separate
judgments as to each tract. The method adopted was irregular, the
principal effect of which was to increase the costs.

Ordered that the proceedings be remanded to the district court,
with direction that upon application of either party the judgments
so entered be vacated, and one general judgment entered confirm-
ing the assessment.

JAGGARD, J.

I dissent.