## STATE v. JOHN A. McGUIRE.[1]

May 5, 1911.

Nos. 17,096—(8).

**Ditch assessment — findings — evidence.**

>    In proceedings to recover of an owner of land the amount of assessments levied for repairing and deepening a ditch, *held*, that a finding of the trial court that the ditch was deepened is sustained by the evidence.

Proceedings in the district court for Renville county to enforce payment of taxes on certain real estate, remaining delinquent on the first Monday in January, 1909. After the former appeal, reported in 109 Minn. 88, 122 N. W. 1120, the case was tried before Qvale, J., who made findings of fact and as conclusions of law found that plaintiff was not entitled to recover any amount of the lien or assessment for the cost of repairing and improving Ditch No. 2 of said county, but was entitled to judgment covering the amount of general taxes against the lands, and that defendant was entitled to judgment of dismissal as to the entire amount of principal, interest,

[1]Reported in 130 N. W. 1103.

penalty and costs claimed as a lien against the lands for the cost of repair and improvement of the ditch. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

L. D. Barnard, for the State.

C. A. Fosnes, for respondent.

BUNN, J.

The facts in this case are stated in the opinion on a former appeal. State v. McGuire, 109 Minn. 88, 122 N. W. 1120. It was there held that section 26, c. 230, p. 327, Laws 1905 (R. L. Supp. 1909, §. 2651–69), in so far as it authorizes the board of county commissioners to enlarge a previously constructed ditch, by widening its banks or deepening its channel, is unconstitutional and void, for the reason that it contains no provision for notice to interested parties, or otherwise affords them an opportunity to be heard. A new trial was granted and had. The trial court found as facts that the ditch was repaired, improved, and deepened in accordance with the report of the engineer and the contracts entered into, and that the assessments sought to be enforced in this action were made to recompense the county for repairing the ditch by removing the obstructions therefrom, and deepening the same one foot for a part of its length, and as conclusions of law held that plaintiff was not entitled to recover, and that defendant was entitled to judgment. A motion to amend the findings was denied, and plaintiff appealed from an order denying a new trial.

The only question involved on this appeal is whether the finding of the trial court that the ditch was deepened is sustained by the evidence. We are satisfied that it is, and that the court did not err in refusing to amend the findings, or in denying a new trial.

Order affirmed.