(No. 15115.—Judgment affirmed.)
THE VILLAGE OF OAK PARK, Appellee, *vs.* THOMAS H.
HULBERT, Appellant.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. EMINENT DOMAIN—*when land owner cannot set up want of jurisdiction over others.* The owner of property taken for an alley cannot object to the judgment for compensation on the ground that the court had no jurisdiction of the property owners who were assessed for benefits, as the payment of compensation does not depend upon the validity of the assessment of the benefits, but the municipality must pay the compensation before taking possession of the property and without reference to the assessment of benefits.

2. SAME—*compensation for property taken for a municipal improvement is not measured by value of the improvement.* Compensation for property taken in making a municipal improvement is not to be determined by the benefit to the municipality or to adjacent property or by the need of acquiring the property for the particular purpose, but the proper measure of compensation is the fair cash market value of the property taken, for the most profitable use to which it is adapted.

3. SAME—*what is measure of compensation for property taken for an alley.* In the condemnation of private property for the opening of an alley by a municipality, the amount of compensation may be measured by any use to which the land might naturally be put as private property and which would affect its market value as the subject of private ownership, but its value as an alley and the benefit of the improvement to the municipality or to adjacent property owners should not be considered.

4. SAME—*the amount fixed by commissioners as compensation should not be considered as evidence.* While section 23 of the Local Improvement act makes the assessment roll *prima facie* evidence of the amount of compensation and benefits arising from a public improvement, these amounts are to be assumed only until evidence to the contrary is introduced; and it is proper to instruct the jury to disregard the amount of compensation fixed by the commissioners for land taken in opening an alley where other evidence is introduced and the jury have had a view of the property.

5. SAME—*jury have a right to consider their view of premises.* It is proper in a proceeding to condemn land for an improvement to refuse an instruction which tells the jury they are to be governed solely by the evidence of the various witnesses, thereby excluding from their consideration their own view of the premises.

APPEAL from the County Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

GEORGE W. WILBUR, for appellant.

FRED B. HOVEY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of trustees of the village of Oak Park passed an ordinance for the opening of an alley through block 12 in Hulbert's subdivision of the west half of lot 2 in the subdivision of section 18, town 39, north, range 13, east of the third principal meridian. The land which the alley covered was the east 16 feet of lots 1 to 16 in that block and was owned by Thomas H. Hulbert. A petition was filed by the village for the levy of a special assessment and the ascertainment of the compensation to be paid for the land taken. An assessment roll was returned fixing the compensation for the land at $1157.18, to which objection was made. It does not appear that any objection was made to the assessment of benefits. Upon a trial in the county court of Cook county a verdict was rendered finding the just compensation to be $1910.41, a judgment was rendered that upon the payment of that sum, or upon proof made to the court of its deposit as directed by the court, the village should have the right to the possession of the property, and the land owner appealed.

The appellant's first objection is that the court was without jurisdiction to try the case at the time of the trial, which occurred in July, 1922, because the owners whose property was assessed for benefits in the assessment roll had been improperly defaulted, and the court had no jurisdiction, so far as they were concerned, to enter an order confirming the assessment roll without giving a further notice. It is claimed that the appellant is interested in this question of jurisdiction over the owners of the property as-

sessed because any judgment entered for his property taken must be paid out of a legal judgment against such owners. The appellant has no concern with the benefits assessed to the land owners. His property cannot be taken until he is paid the compensation awarded for it. Section 30 of the Local Improvement act provides that the judgment of condemnation shall be final as to the damages unless appealed from, but the appeal shall not delay proceedings if the petitioner shall file in the case its written election to proceed with the improvement notwithstanding the appeal, and shall deposit, as directed by the court, the amount of judgment and costs, after deducting the benefits assessed against the property, if any. Under section 31 the court, upon proof of the payment of the amount assessed or its deposit as directed by the court, may enter an order that petitioner shall have the right to take possession of the property. Upon the return of a verdict section 32 provides that if no motion for a new trial is made, or if made is overruled, the petitioner must, within ninety days after final judgment as to the amount of damages and compensation to be awarded and benefits to be assessed, elect whether it will dismiss the proceeding or enter judgment on the verdict. If it elects to enter judgment it thereby becomes bound to pay the amount thereof whether the assessment be collected or not. It cannot afterwards withdraw from the proceeding or dismiss it without the consent of all the parties whose land is condemned, and in case of appeal, unless the petitioner files in the cause its written election to proceed with the improvement notwithstanding the appeal, no steps can be taken to collect the assessment or to compel payment of the compensation awarded until the appeal is disposed of and final judgment entered in the cause, or, in case of reversal, until a new trial and judgment; but in case of final reversal the petitioner may still elect to abandon the proceeding, provided it be done within sixty days thereafter. The payment of compensation does not in any way depend upon

the validity of the assessment of benefits. The village must pay before taking possession of the property without any reference to the assessment of benefits, though it may abandon the proceedings.

Block 12 was bounded by Carpenter and Kenilworth avenues on the east and west and Jackson and Harrison streets on the north and south. It was about 237 feet wide and 837 feet long. As platted there was no alley in the block. The lots on the west, facing Kenilworth avenue, were 166 feet deep, while those on the east, fronting on Carpenter avenue, were 72.42 feet deep. The appellant had made the subdivision some years before and had sold all the lots on the east, and he also sold all the lots on the west except the east 16 feet of those lots, so that he was the owner of a strip of land 16 feet wide running through the block from north to south, on which all the lots in the block abutted. It was this strip over which the alley was laid.

Five witnesses, including himself, testified for the appellant and two for the appellee on the question of the amount of compensation. The appellant objected to the qualification of the two witnesses of the appellee, but they were sufficiently qualified both as experts and by their acquaintance with the property in question. The appellant's witnesses placed a value on the land of from $5.75 to $8 a running foot; the appellee's witnesses $1.25 a running foot. Most of the testimony was incompetent because given upon an erroneous basis. The appellant's testimony was based upon what was called the value of the land for alley purposes. The witnesses were examined as to the benefits of the alley to the adjoining lots, and this was the theory upon which their estimates of value were based. The theory was wrong. Compensation is not to be determined by the benefit which the taking of the property may be to the municipality exercising the right of eminent domain or to the property of others in the vicinity of the improvement, or by the necessity of acquiring the property for the particu-

lar purpose. (*Lambert* v. *Giffin,* 257 Ill. 152.) The fair cash market value of the property taken, for the most profitable use to which it was adapted, was the proper measure of compensation. The property to be taken was private property, and the owner was entitled to be paid its fair cash market value for any use to which, as its owner, he might devote it. As a street or alley it was of no value to him. As such he could receive no income, benefit or advantage from it except such as the general public might receive. A street or alley is not the subject of private ownership and has no market value, though it might have a market value if relieved of the public easement. The lots adjacent to the alley might be enhanced in value by the improvement, but the appellant was not entitled, as compensation, to the amount of benefits which the alley would confer upon the adjacent property. All he was entitled to was the fair cash market value of this 16-foot strip of ground as the subject of private ownership, what he might have sold the property for if he had desired to sell it, and what a person desirous of purchasing it would have been willing to pay for it. (*Ligare* v. *Chicago, Madison and Northern Railroad Co.* 166 Ill. 249; *City of Chicago* v. *Farwell,* 286 id. 415.) Any use should be considered to which the land might be put which would enhance its market value, but not its use for an alley or a street, which would deprive it of all market value. The appellant, on cross-examination, testified that he could build a house 16 feet wide on each half of the lot and use the strip as two 16-foot lots with very long back yards, and that each one of the lots would be worth $1600 as a building lot. This was competent evidence, and the testimony of Walter Zuetell, one of the witnesses for the appellee, that the fair cash market value of the strip was $1.25 a running foot was competent, for it was not based on its use for alley purposes. The other testimony which was based on such purposes was not competent. It was introduced by the appel-

lant and was objected to by the appellee, and the appellant does not complain of it. The jury viewed the premises, and their verdict found the value of the land taken to be $2.28 a running foot. The court approved the verdict, and we cannot say that it is not sustained by the evidence.

The appellant objects to the second instruction given on behalf of the appellee. It states that one method of proving the value of real estate is by proof of sales of property situated similarly to the property whose value is to be ascertained, and instructs the jury that in ascertaining the amount of just compensation to be made they may take into consideration evidence of any such sale or sales of property situated similarly to the property proposed to be taken. It ought not to have been given, for there is no evidence of any sale of property in the case, but it could not have been prejudicial.

The appellant asked the court to give an instruction informing the jury that it was for them "to determine what amount should be allowed to the respondent for the property to be taken. And in fixing such value you are to be controlled wholly by the evidence presented by the respective parties on the hearing, your view of the property, and by the law given to you by the court in these instructions. In determining such value you are to disregard the amount fixed by the commissioners, if such value is brought to your notice." The court struck out the last sentence. The assessment roll was introduced in evidence, and the amount fixed by the commissioners ($1157.18) was thus brought to the jury's notice. While the assessment roll is made by section 23 of the act *prima facie* evidence of the amount of compensation and benefits, the effect of this is only that these amounts shall be assumed until evidence to the contrary is introduced. (*Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 217 Ill. 343; *City of Rockford* v. *Mower,* 259 id. 604; *City of Chicago* v. *Matteson,* 274 id. 308.) This sentence should not have been stricken out of

the instruction, but in view of all the evidence in the record the error was not of such a character as to require a reversal of the judgment.

The court refused the seventh instruction asked by the appellant, that the jury were to be governed solely by the evidence of the various witnesses called by the respective parties, wholly uninfluenced by the finding of the commissioners who made the roll and fixed the value of the property to be taken. This instruction excluded their view of the premises from the consideration of the jury and was properly refused.

The eighth instruction offered by the appellant stated that in determining the compensation the jury should take into consideration the best use to which the property was adapted, and that if they determined from the evidence that its best use was for alley purposes, then they should fix the compensation accordingly. This instruction was properly refused. The ninth instruction contained the same error and was also properly refused.

The cause was tried at the July term, 1922, the verdict was rendered July 21 and an appeal bond was filed September 27. No order of the court appears of record between these two dates, but the bill of exceptions shows that a motion for a new trial was made and overruled, a judgment was entered on the verdict, and an appeal was prayed and allowed upon the filing of an appeal bond within thirty days from the entry of judgment. On October 13 a judgment was entered in the cause *nunc pro tunc* as of September 11, but no mention was made of the motion for a new trial and it was not formally overruled. The entering of the judgment *nunc pro tunc* is not assigned for error. The assignments in reference to proceedings subsequent to the trial are, that the court erred in entering judgment on the verdict and refusing to grant a new trial on motion of counsel for the appellant. The appellant states in his brief that he contends that the *nunc pro tunc* judgment should be dis-

regarded but does not argue the question further, and in the state of the record which has been shown the question is not before us for consideration.

The judgment will be affirmed.  *Judgment affirmed.*