In re TURKEY VALLEY DRAIN DITCH.
GUNDERSON et al, Appellants, v. FANSLOW et al,
Respondents.

(212 N. W. 48.)

(File No. 6158.    Opinion filed February 10, 1927.)

1.    **Drains—Counties—Where County Board Had Jurisdiction When
Petition to Have Ditch Repaired Was Filed, It Retained Juris-
diction in Spite of Change of Law Thereafter (Rev. Code 1919,
§ 8470, as Amended by Laws 1925, c. 140, and § 8477).**

Where county board had jurisdiction when petition signed
by three landowners to have drainage ditch repaired was filed,
fact that Laws 1925, c. 140, amending Rev. Code 1919, § 8470,
requiring petition signed by majority of landowners, and re-
pealing all laws in conflict therewith, became effective before
final action of board on petition, did not take away board's

jurisdiction to proceed with proposed work, since it was filing of proper petition which invoked jurisdiction, in view of section 8477.

**2.   Drains—County Commissioners—Appeals—Where Notice of Appeal from Decision of County Board on Petition Regarding Drain Was Not Served Within 20 Days, Appeal Was Properly Dismissed (Rev. Code 1919, §§ 5886, 5887, 8469).**

Where notice of appeal to circuit court from decision of county board on petition for cleaning and repairing drainage ditch was not served on member of board until 29 days after decision, appeal was properly dismissed, in view of Rev. Code 1919, §§ 5886, 5887; section 8469 being inapplicable.

Note.—See, Headnotes (1) and (2), American Key-Numbered Digest, Drains, Key-No. 52, 19 C. J. Sec. 190 (Anno.).

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

In the matter of Turkey Valley Drain Ditch a petition was filed asking that John Fanslow and others, as the Board of Commissioners of the County of Yankton, clean out the drainage ditch and put it in repair, and C. H. Gunderson and others filed objections. The objectors appealed to the circuit court from the action of the county board, and from an order denying their motion to dismiss the petition filed with the county board and granting latter's motion for dismissal of appeal from action of county board, the objectors appeal. Affirmed.

*Orvis & French,* of Yankton, for Appellants.

*H. A. Doyle,* State's Attorney, of Yankton, and *Bogue & Bogue,* of Parker, for Respondents.

MORIARTY, C. Turkey valley drain ditch is a duly established and constructed drain in Yankton county.

On June 26, 1925, a petition, signed by three persons who were owners of land adjudged to be benefited by the drain, was filed in the office of the county auditor of Yankton county. This petition asked that the board clean out the Turkey valley ditch and put it in repair. On presentation of the petition the board caused to be published a notice reciting the filing of the petition and the inspection of the ditch by the board, and that the board found that it was necessary to clean out and repair the ditch. This notice further contained a list of lands which were likely to be assessed

to pay the expenses of the proposed cleaning and repair. It also gave the names of the record owners of each tract, and gave notice that a hearing upon said petition would be had at the board room on July 20, 1925, when and where objectors might show cause why the cleaning and repair should not be done.

On July 20th written objections signed by twelve owners of property affected were presented and filed, a hearing was had, and thereafter the board passed and recorded a resolution declaring that the cleaning and repairing was conducive to the public health, convenience and welfare, and necessary and practicable for the proper drainage of the agricultural lands, and that the proposed cleaning and repairing is fixed and established in accordance with the engineer's reports and profiles.

From this action of the board the objectors appealed to the circuit court. After the respective parties had presented to the trial court certain motions which outlined their contentions, and the court had taken the motion under advisement, a jury was impaneled and evidence taken on the question whether the proposed cleaning and repair were necessary. To this question the jury answered "No."

Thereafter the trial court heard further arguments on the motions, and the court entered an order denying the remonstrators' motion to dismiss the petition filed with the county board and granting the motion presented by respondents for the dismissal of the appeal from the action of the county board. From such order this appeal is taken.

[1] Appellants contend that the petition gave the county board no jurisdiction to proceed with the proposed work, for the reason that chapter 140 of the Laws of 1925 went into effect July 1, 1925, and said chapter 140 amended section 8470, R. C., so as to require a petition, signed by a majority of the owners of lands affected, to give the board jurisdiction to proceed to establish the work prayed for, and that, though the petition was presented prior to July 1, 1925, the final action of the board thereon was not taken until July 20th, and that no petition sufficient to give the board jurisdiction to act at that time was before the board.

As amended by chapter 140, Laws of 1925, section 8470, R. C., provides that—

"For the cleaning and maintenance of any drainage estab-

lished under the provisions of this article, assessments may be made upon all the landowners in such ditch district, in the same proportions fixed and determined for such drainage, at any time, upon the petition of a majority of the owners of the agricultural lands affected by such maintenance drainage improvement, setting forth the necessity therefor, and after due inspection by the board of county commissioners."

This amendment also contains a repealing clause, repealing all acts and parts of act in conflict therewith.

Section 8477, which was in effect at all times material to this appeal, and is still in effect, provides as follows:

"All drains that have been constructed under any law of this state, or that may be constructed under the provisions of this article shall, except as otherwise specially provided, be under the charge of the board of county commissioners and be by it kept open and in repair. * * * The cost of such repairs shall in all cases be assessed, levied and collected in the same manner as provided in this article for the construction of drains originally."

Prior to the amendment of 1925, section 8470 required the signature of only one landowned of the ditch district to invoke the action of the board in the matter of cleaning out the ditch. The amendment did not go into effect until July 1st. Prior to that date the petition, legally sufficient under existing law, was filed and the board had examined the ditch and given notice that they had found the repairs to be necessary.

Appellants' counsel cite numerous decisions, dealing for the most part with election petitions rendered insufficient by withdrawals. Those decisions do not apply to the question involved in the instant case. There was no change in the petition involved herein. The question involved in this appeal is more nearly parallel to those arising under statutes of limitations.

The petitioners herein had a right to say the ditch needs cleaning out. After July 1st a petition of a majority of the landowners will be required. In order to protect our rights, we must present our petition before July 1st. And, when they did file such petition, and the board exercised its jurisdiction before July 1st, that jurisdiction was retained for the purpose of completing the repairs asked for and the making of assessments to pay for such repairs.

It is the filing of a proper petition that invokes jurisdiction, and that jurisdiction is not ousted by a law going into effect after the actual exercise thereof, which law does not purport to divest the jurisdiction, but merely changes the method to be pursued in invoking it. Sim v. Rosholt, 16 N. D. 77, 112 N. W. 50, 11 L. R. A. (N. S.) 372; Seibert v. Lovell, 92 Iowa 507, 61 N. W. 197; Gilseth v. Risty, 46 S. D. 374, 193 N. W. 132; Lanning v. Palmer, 117 Mich. 529, 76 N. W. 2.

The petition involved herein was sufficient to call upon the board to act, and the board did act in the exercise of its jurisdiction before July 1, 1925. That jurisdiction continues.

[2] Appellant further contends that, even if the county board had jurisdiction to make the order appealed from, nevertheless the order was appealable, and that the trial court erred in dismissing the appeal.

In support of that contention, appellants' counsel rely upon two different statutory provisions. They say that the appeal from the decision of the county board is provided for by section 8469, R. C., and also comes within the provisions of section 5886, R. C.

Section 8469 provides for appeals from certain orders and determinations made by county boards in drainage proceedings. But the order involved in this case does not come within any class enumerated in said section, nor can it be brought within any such class by analogy.

Section 5886 provides for appeals from all decisions of county boards upon matters properly brought before them.

But section 5887, R. C., provides that such appeals must be taken by the service of a notice of appeal, such service to be made upon a member of the board within 20 days after the decision appealed from. In this case service was not made until 29 days after the making of the decision by the county board.

The appeal was properly dismissed, and the judgment appealed from is affirmed.