## In re TURKEY VALLEY DRAIN DITCH.

GUNDERSON et al, Appellants, v. FANSLOW et al, Respondents.

(214 N. W. 842.)

(File No. 6158.    Opinion filed July 9, 1927.)

1. **Drains—Statute, Requiring Service by Publication of Notice of Appeal from County Board's Decision, Excluded Appeal in Drainage Matter (Rev. Code 1919, §§ 5886, 8485, and § 5887, as Amended by Laws 1921, c. 160).**

    Laws 1921, c. 160, amending Rev. Code 1919, § 5887, by requiring service by publication of notice of appeal from a decision of the county board, excluded from class of decisions appealable under sections 5886, 5887, any decision in a drainage matter, since section 8485 provides that proceedings of board in a drainage matter shall not be published.

2. **Appeal and Error—Appeals Are Statutory.**

    The right of appeal is statutory.

Note. — See, Headnote **(1)**, American Key-Numbered Digest, Drains, Key-No. 52, 19 C. J. Sec. 123; **(2)** Appeal and Error, Key-No. 1, 3 C. J. Sec. 29.

Appeal from Circuit Court, Yankton County; Hon. R. B. TRIPP, Judge.

On rehearing. Former opinion, affirming judgment, adhered to. For former opinion, see 51 S. D. 67, 212 N. W. 48.

*Orvis & French,* of Yankton, for Appellants.

*H. A. Doyle,* of Yankton, and *Bogue & Bogue,* of Parker, for Respondents.

MORIARTY, C. This matter is now before the court upon rehearing. The former opinion in the case will be found in 51 S. D. 67, 212 N. W. 48. As the statement of the facts contined in said former petition is not questioned in the petition for rehearing, it will not be necessary to repeat the statement here.

The sole contention raised by the petition for rehearing is that in its former opinion in this case the court overlooked the fact that section 5887, R. C., was amended by chapter 160 of the Laws of 1921. In said former opinion this court used the following language:

"Section 5886 [R. C.] provides for appeals from all decisions of county boards upon matters properly brought before them.

"But section 5887, R. C., provides that such appeals must be taken by the service of a notice of appeal, such service to be made upon a member of the board within 20 days after the decision appealed from. In this case service was not made until 29 days after the making of the decision by the county board."

In making this statement the court overlooked the fact that, by the amendment made by chapter 160 of the Laws of 1921, section 5887 was changed so as to require the service of the notice of appeal to be made within 20 days after the *publication* of the decision of the board.

[1] When legislating for the establishment of drainage the Legislature saw fit to provide for appeals from certain classes of judgments and orders made by county boards in drainage proceedings. We have held that the order involved in the instant case does not fall within any of those classes. By very liberal construction of sections 5886 and 5887, R. C., as section 5887 read

before the amendment of 1921, it might be held that the decision involved herein came within the provisions of those sections. But section 8455, R. C., provides:

"But the proceedings of the board of county commissioners when acting in any drainage matter under this article shall not be published as a part of its regular proceedings or at all."

When the Legislature provided for the taking of appeals from decisions of county boards within 20 days after the *publication* of the decision appealed from, it excluded from the class of decisions appealable under those sections any decision made in a drainage matter which the law specifically provides shall not be published. The amendment restricts the right of appeal provided for by section 5886, R. C., to decisions which are required by law to be published as a part of the proceedings of the board.

[2]   The right of appeal is statutory, and our statutes as they now exist do not give any right of appeal from the decision sought to be appealed from in this case.

We adhere to the result of our former opinion, affirming the judgment appealed from.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concurring.