THE STATE ROAD COMMISSION *v.* CATHERINE B. RILEY

(No. 7853)

Submitted March 6, 1934. · Decided March 13, 1934.

*Hogsett & Smith,* for plaintiff in error.
*Peyton, Winters & Hereford,* for defendant in error.

HATCHER, JUDGE:

For the relocation of a public highway, the road commission condemned a strip of 1.524 acres through a tract of 9.7 acres

owned by the defendant. The strip divides the tract into two sections of 2.58 acres and 5.60 acres, respectively. The highway as constructed on the strip is mostly in a cut which ranges in depth from twelve to twenty-seven feet. The commissioners (appointed by the circuit court) reported that the value of the property taken and the damages to the residue amounted to $6,500.00. Both parties excepted to the report. The jury trial which followed resulted in a verdict and judgment of $2,000.00 for defendant. She secured a writ of error.

The appellant charges (1) that an improper instruction was given, and (2) that the verdict is not supported by the evidence.

1. The objectionable portion of the instruction complained of follows: ''The Court further instructs the jury that they shall also allow for damages to the residue of the land not taken, if there was any damage, less any peculiar benefits derived by the said residue by reason of the construction of the highway, if the jury find from the evidence in the case there were any peculiar benefits to such land resulting from the building of the road.'' There was no evidence whatever that the construction of the road benefited the residue peculiarly. The appellant contends that since the instruction invited the jury's attention to an element of value not in the case, and since value was a ''question of basic importance'', giving the instruction was reversible error. *Thompson* v. *Ry. Co.*, 93 W. Va. 3, 115 S. E. 877, and other related cases are cited. The instruction permitted a diminution of the damages by peculiar benefits only upon a finding *from the evidence* of such benefits. Since the evidence disclosed none, we naturally infer that the jury assumed none. The instruction was improper, but we cannot see how it could have been prejudicial. We are supported by a similar ruling, made in the case of *Oak Park* v. *Hulbert* (a condemnation case), 307 Ill. 270, 138 N. E. 678, where the trial court had given an instruction not warranted by the evidence, on how to value real estate.

2. Some eight witnesses for appellant fixed the amount of her compensation and damages from $6,750.00 to $9,000.00. No witness for the commission fixed the total amount due her at less than $2,350.00. The jury viewed the property. The appellant contends that since no witness fixed her damages

as low as $2,000.00, the jury must have based its estimate on the view, which was not permissible under *Ry. Co.* v. *Allen,* (W. Va.) 169 S. E. 610.

Counsel for the commission, however, have formulated a tabulation from the testimony of several witnesses which shows that if the lowest value of the land taken, as fixed by some, be added to the lowest damages to the residue, as fixed by others, a total of less than $2,000.00 could be secured in two instances and of an average of only $2,040.29 in four. The jury is not required to accept or reject all of the testimony of a witness, when the testimony relates to different items. The jury could have accepted any of the several valuations as shown in the tabulation. If so, the verdict is supported by evidence. The verdict was approved by the trial judge. It is our duty now to approve it also.

The judgment is accordingly affirmed.

*Affirmed.*