Treat, C. J. Slattery sued out an attachment against Stout, from a justice of the peace. There was service on a garnishee, and a publication of notice to the defendant. On the 5th of February, 1849, a judgment was entered against the defendant, for $94 62, and, on the 12th of the same month, a judgment was entered against the garnishee in the same amount. On the 16th of March, 1849, the defendant obtained an order for a certiorari, and filed the same, and an appeal bond, in the Circuit Court. He stated, in his petition for the certiorari, that, by reason of absence from the State, he had no actual knowledge or notice of the pendency of the attachment, or of the rendition of the judgments therein, until the time allowed for an appeal had expired, and that he was not in any manner indebted to the plaintiff. The jurat to the petition was subscribed, u Calvin A. Warren, Hotary Public for said county of Adams.” Ho writ of certiorari was ever issued. A transcript of the proceedings before the justice was filed in the Circuit Court, on the 5th of April, 1849. In May, 1849, the plaintiff entered' a motion to dismiss the appeal, which was sustained by the Court; and that decision is now assigned for error. This record presents but a single question, which did not-arise, and was not decided, in the case of Grallimore v. Dazey, ante, p. 143. On the principles of that case, the defendant clearly showed himself entitled to the remedy by certiorari; and the filing of the papers from the justice, before the plaintiff appeared in the Circuit Court, dispensed with any necessity for issuing a writ of certiorari. The notary public, before whom the petition was verified, did not affix his seal of office to the jurat, and it is insisted, that his omission to do so, presents an insuperable objection to the proceedings ; in other words, that a notary can perform no official act, without evidencing it by his notarial seal. This position cannot be maintained. We are clearly of the opinion, that the failure of the notary to annex his official seal to the jurat, does not vitiate the proceedings based on the petition. Within the county of Adams, the addition of the seal was not necessary. If the petition was to be used in another county, the seal of the notary, or some other evidence of his official character, would be indispensable. In a case like this, the seal does not give validity to the act of the notary. It is only evidence of his authority to administer the oath. It is the usual mode of authenticating the act, but not the exclusive one. This is not like the case of process, which the law provides shall issue under the seal of the Court; nor the case of the performance of an act by an officer, which the law declares shall be done under his official seal. Our statute does not make it the duty of a notary to verify his acts by his notarial seal, except in the single instance of the acknowledgment of a deed. R. S., ch. 75; ch. 76, § 3 ; ch. 24, § 16. The rules of the common law may perhaps require some particular acts of a notary to be evidenced by his official seal, but the taking of affidavits is not one of them. The power to administer oaths is expressly conferred by statute, and is not one of the incidents of the office. The affixing of the notarial seal is not essential to the validity of his acts, except in cases where it is required by some rule of the common law, or some provision of the statute. In all other cases, his official acts, at least within the State, arc none the less valid, because they are-not authenticated by his notarial seal. The only difference relates to the proof of his authority. If the act is not evidenced, by the seal of the notary, his signature and official character-must be established by some other legitimate evidence. Clerks.of Courts are in the constant habit of taking affidavits, without attaching the seal of the Court to their jurats, and the validity of their acts, and the propriety of the practice, has never been questioned. It would hardly be contended, that perjury could not be assigned on such an affidavit, if the contents were material, and the party knew them to be untrue. And there is no difference in principle between the two cases. There is no more occasion for the seal in the one case than in the other. The oath is legally administered in either case. It is only when it becomes necessary to prove the making of the oath, that the seal of the officer, or some competent evidence of his authority, must be produced. The case of the Fund Commissioners v. Glass, 17 Ohio, 542, is an authority very much in point. A statute of . Ohio made it the duty of each notary to provide a notarial seal, with which to authenticate his official acts. By a subsequent statute, notaries were authorized to take the acknowledgment of deeds, and were required to make certificates of acknowledgment, and subscribe the same. It was held, that they need not affix their notarial seals to the certificates. The Court said: “ Under this law, the acknowledgment of this deed was taken, and to the certificate of acknowledgment the officer taking it did subscribe his name. This was all which the law under which he was acting required him to do.” It has been decided, that a Circuit Court will take notice who are justices of the peace, for the county in which it is held; and proof of the official character of these officers is never required, unless that particular matter is distinctly in controversy. Shattuck v. The People, 4 Scam., 477; Irving v. Brownell, 11 Ill., 402. The rule is one founded in reasons of public .convenience, and may with equal propriety be extended to notaries. The judgment of the Circuit Court must be reversed, with .costs, and the cause remanded for further proceedings. Judgment reversed.