CHARLES M. HERTIG

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 20, 1896.*

1. EVIDENCE—*judicial notice taken of notary's residence.* A county court will take judicial notice that a notary public before whom a certificate of the publication of the delinquent list is sworn to is a notary of the county, no venue being stated in the *jurat.*

2. SAME—*presumption that notary administers oath in his own county.* Where a notary's *jurat* to an affidavit has no venue, it will be presumed that such notary administered the oath in the county within which he was authorized to administer oaths.

3. SAME—*sufficiency of notice—cannot be attacked collaterally.* Evidence offered in an application for judgment against property for a delinquent special assessment, to show that no notice was published in the previous proceeding to confirm the assessment, is properly rejected, as being a collateral attack upon the judgment of confirmation.

4. TAXES—*certificate of publication of delinquent list—by whom made.* The president of a publishing corporation is its agent, and a proper person to make the certificate of the publication of the delinquent list by such corporation, within the meaning of section 186 of the Revenue act.

5. SAME—*corporate seal need not be attached to certificate.* The seal of a corporation publishing a delinquent tax list need not be affixed to the certificate of publication made by its president, the act being an individual and not a corporate act.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and TAYLOR & MCWILLIAMS, for appellant:

These propositions of law are well established: That the court having no jurisdiction the judgment is void; (*Clark* v. *People ex rel.* 146 Ill. 34;) that without notice there is no jurisdiction; (*Andrews* v. *Chicago,* 57 Ill. 241;) that all the proceedings should affirmatively appear to be in strict compliance with the statute; (*McChesney* v. *People ex rel.* 148 Ill. 225;) and the record, judged by itself, should so show. *Goudy* v. *Hall,* 30 Ill. 116; *Senichka* v. *Lowe,* 74 id. 274.

The statute is mandatory. There must be a certificate, and it must be under oath. It must be filed, and becomes part of the record. *Thompson* v. *McLaughlin,* 66 Ill. 408; *Dukes* v. *Rowley,* 24 id. 210 ; *People ex rel.* v. *Owners of Lands,* 82 id. 408.

A certificate is a statement written and signed, and if it is to be sworn to it should be accompanied by an affidavit. But there is no valid affidavit without a *jurat* with a venue, the same being essential in order that it may be seen where the affidavit was made, and that it was taken within the jurisdiction of the officer. ·1 Am. & Eng. Ency. of Law, 310, and cases cited.

The objection to the *jurat* may be taken at any time. *Tailoring Co.* v. *Belding,* 40 Ill. App. 328.

Again, the publisher was a corporation known as *The Mail.* The statute requires the publisher's certificate under oath. This corporation can only act by its corporate seal. (1 Blackstone's Com. 475.) The omission of an official seal from certified lists of unpaid taxes is fatal. *Hannel* v. *Smith,* 15 Ohio, 134; 1 Blackwell on Tax Titles, (5th ed.) sec. 469.

An affidavit by one who inserts the words "printer and publisher" or "chief clerk" as words of description, without a direct averment that the affiant fills such a position, is not sufficient. *Bank* v. *Fonda,* 64 Mich. 533 ; *Steinbach* v. *Leese,* 27 Cal. 295.

It has been held that if the publisher's certificate is signed by an agent, his authority must appear. *Fox* v. *Turtle,* 55 Ill. 377; *Hayward* v. *Collins,* 60 id. 329.

J. D. ADAIR, for appellee :

The statute (2 Starr .& Curtis, sec. 188, chap. 120, p. 2084,) requires that to one of the copies of the newspaper containing the advertised delinquent list the printer "shall attach his certificate, under oath." There is nothing in the statute requiring a venue to the certificate. This statute is not mandatory—it is directory, merely,—

(*Jackson* v. *Cummings*, 15 Ill. 449,) and the paper itself being in court, was, without reference to the certificate, ample proof of the publication. *Dunham* v. *People*, 67 Ill. 414.

An affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority, under the law, to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption whatever it is nevertheless an affidavit. *Harris* v. *Lester*, 80 Ill. 307.

Mr. JUSTICE BAKER delivered the opinion of the court:

The city of Chicago ordered the laying of water service-pipes in Hoyne avenue, in said city, from Archer avenue to Thirty-eighth street, to be paid for by special assessment. Proceedings were had in the county court of Cook county, upon application of the city, and judgment was rendered confirming the assessment roll. Thereafter, the judgment against certain property of appellant included in the assessment roll never having been paid, the county treasurer applied to the county court for a judgment of sale of said delinquent property to satisfy the above judgment. Upon this application judgment was rendered by default. Subsequently, however, the special appearance of appellant was entered, for the sole purpose of attacking the jurisdiction of the court. The judgment of sale was vacated and leave given to file objections *instanter*. The objections so filed were overruled, as were also motions for a new trial and in arrest of judgment, and judgment was rendered, to reverse which appellant brings this appeal.

Two reasons are assigned why the judgment below should be reversed: First, it is contended that the certificate of publication of the delinquent list is insufficient; and second, that the certificate of publication filed in the assessment proceedings, and upon which is based the judgment of confirmation, is also insufficient.

As to the first contention: The certificate of publication of the delinquent list begins: "I, Frank S. Weighley, president of *The Mail*, a corporation publishing a newspaper known as *The Chicago Mail*, do hereby certify," etc., and concludes:

"In witness whereof I have hereunto set my hand this fifteenth (15th) day of June, A. D. 1895.

FRANK S. WEIGHLEY, <em>President of the Mail.</em>

"Subscribed and sworn to before me this 15th day of June, A. D. 1895.                A. L. WOODWARD,

[SEAL.]                                *Notary Public.*"

The objections made to it are, that the *jurat* fails to state the venue, that it does not appear that the affiant was a proper person to make the certificate, and that it should have been sealed with the corporate seal.

Section 186 of the Revenue act provides that the printer, publisher or financial officer or agent of the newspaper publishing the list of delinquent lands shall attach his certificate, under oath, to a copy thereof, and that the same shall be filed as a part of the records of the court. In *Harris* v. *Lester*, 80 Ill. 307, it was said that "an affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority, under the law, to administer oaths," and it was held that it need not be entitled in any cause or in any particular way, and that "without any caption whatever it is nevertheless an affidavit." In *Schaefer* v. *Kienzel*, 123 Ill. 430, it was held that where an affidavit was made before a notary public in the county in which the court was held that entertained the proceeding, the *jurat* of the notary need not be authenticated by his notarial seal,—that the court would take judicial notice of who the notaries public were in the county in which the court was held. To the same effect were the earlier decisions in *Stout* v. *Slattery*, 12 Ill. 162, and *Rowley* v. *Berrian*, id. 198. See, also, *Jackson* v. *Cummings*, 15 Ill. 449. Following the rule above laid down, we must hold that the county court of Cook county

will take judicial notice that "A. L. Woodward, Notary Public," is a notary for that county. Being a public officer it will be presumed he administered the oath in the county within which he was authorized to administer oaths, for the presumption is that he has done his duty.

It is urged that it does not appear from the certificate that Frank S. Weighley was a proper person to make it, and that it should have been sealed with the corporate seal of *The Mail*. The case of *Fox* v. *Turtle*, 55 Ill. 377, relied upon by appellant, is not in point. There the certificate was signed, "John Wentworth, publisher, by Reed," and it did not appear who Reed was or that he was in any manner connected with the newspaper. It did not purport to be given by the publisher, but by another person who used his name, and his authority to do so did not appear, and for that reason the court held it to be defective. In the certificate under consideration, on the contrary, the person certifying describes himself as president of the corporation, and in that capacity signed his name. His official connection with the newspaper therefore appears. As president of the corporation he was certainly its agent, within the meaning of the statute, and consequently a proper person to make the certificate. (*Smith* v. *Smith*, 62 Ill. 493.) The matters set forth in the certificate were certified to by an individual. The corporation could certify to nothing. To have sealed the certificate with the corporate seal would therefore have been an unnecessary, if not an absurd, proceeding.

As to the second contention: Appellant claims that the matters set forth in the certificate of publication filed in the confirmation proceedings are false, and the certificate therefore insufficient. At the hearing of this cause he called one B. McWilliams, in order to prove by him that between the dates February 3 and February 9, 1893, —the dates within which the certificate of publication alleged the notice to have been published—no notice appeared in the files of *The Chicago Mail*. The court, on

appellee's objection, refused to hear such testimony.   In this the court did not err.   The proper time to have tendered such testimony was at the hearing of the confirmation proceeding.   As it was, the offer came too late, for this is a collateral proceeding, in which it is sought to attack the jurisdiction of the court to render the judgment.   In the record of the confirmation proceeding there appeared a certificate which was sufficient if true, and the judgment recited that the facts alleged in such certificate were true, consequently it will be assumed that the court had sufficient evidence before it to warrant the rendering of judgment.   Even were the certificate in fact insufficient, appellant could take no advantage of it in this, a collateral, proceeding, for in such a case the presumption would be that the court heard and acted upon other and sufficient evidence to sustain the finding.   *Barnett* v. *Wolf*, 70 Ill. 76; *Harris* v. *Lester*, 80 id. 307.

We find no error in the record, and the judgment of the county court will be affirmed.   *Judgment affirmed.*