The City of Rockford, Defendant in Error, *vs.* Calvin
R. Mower, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. Special assessments—*a city may condemn private property
for-outlet sewer, under Local Improvement act.* A city which has
passed an ordinance, under the Local Improvement act of 1897,
for a system of sewers in the city and an outlet sewer outside of
the city, has power, under such act, to condemn private property
outside of the city for the outlet sewer.

2. Same—*a condemnation petition may be filed at a probate
term.* Under section 51 of the present Local Improvement act a
petition by a city to condemn land for a local improvement may
be filed at a probate term of the county court and all subsequent
proceedings be had at probate terms.

3. Same—*county court takes judicial notice of person holding
office of city clerk.* The certificate of a city clerk to the copy of
the ordinance filed in the county court with the petition to con-
demn land for a local improvement is not defective because the
city clerk does not certify that he is the city clerk but only de-
scribes himself as city clerk by way of recital, as the county court
will take judicial notice of the persons holding the office of city
clerk in the various cities of said county.

4. Same—*objections are properly sustained to questions hav-
ing no bearing upon the issues to be decided by the jury.* Under
section 23 of the Local Improvement act the only issues to be de-
termined by the jury in a proceeding to condemn land for a local
improvement are those involving compensation for land taken or
damaged and the amount of benefits, and questions asked of a
witness which relate only to the matter of the city's good faith in
making the improvement have no bearing on such issues, and it
is proper to sustain objections thereto.

5. Same—*report of commissioners is not evidence of value or
damages.* The provision of section 23 of the Local Improvement
act that the report of the commissioners "shall be *prima facie* evi-
dence both of the amount of the compensation to be awarded and
of the benefits to be assessed" merely changes the burden of proof
in the first instance, and if the defendant introduces evidence up-
on the question of compensation and benefits then the report of
the commissioners ceases to have any weight as evidence, and it
is incumbent upon the city to make proof upon those questions if
it is not satisfied with the defendant's proof.

6. SAME—*jury have no right to disregard testimony and base verdict upon their view of the premises.* In a proceeding to condemn land for a local improvement the jury have no right to disregard the testimony of the defendant's witnesses as to the questions of compensation and benefits and base their verdict solely upon their view of the premises or upon the report of the commissioners.

. WRIT OF ERROR to the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding.

B. A. KNIGHT, for plaintiff in error.

DAVID D. MADDEN, and C. W. FERGUSON, for defendant in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

The city of Rockford passed an ordinance for the making of a local improvement, consisting of a system of sewers in a portion of the city and an outlet sewer outside of the city, the terminus of which is Rock river. Thereafter, on June 7, 1912, the city filed its petition in the county court of Winnebago county, describing the private property which would be taken and damaged by the construction of the improvement, (including property of Calvin R. Mower, the plaintiff in error, located outside the city,) and praying that steps be taken to ascertain the just compensation to be made for the private property to be taken or damaged for the proposed improvement and to ascertain what property would be benefited by the improvement and the amount of such benefits. A copy of the ordinance providing for the improvement and authorizing the filing of the petition was attached to and filed with the petition. Upon the filing of the petition the court appointed commissioners, as required by section 14 of the Local Improvement act of 1897, who on November 16, 1912, filed their report of the compensation to be made to

the respective owners of the property to be taken or damaged and the amount of benefits to each tract of real estate which would be benefited by the improvement. Thereupon summons was issued and served upon the persons named in said report as owners of property to be taken or damaged, including plaintiff in error, the summons being returnable December 9, 1912. On the return day plaintiff in error appeared and entered a motion to dismiss the proceedings on the ground that the copy of the ordinance attached to and filed with the petition was not certified to by the city clerk, as required by statute. This motion was overruled. Thereupon plaintiff in error filed another motion to dismiss the proceedings on the ground that the court was without jurisdiction because the petition was filed at a probate term of the court and the cause had been set for hearing at a probate term, and on the further ground that the Local Improvement act of 1897, under which the petition was filed, does not authorize the city to condemn private property for an outlet sewer. This motion was also overruled. The court then directed the clerk to issue a venire for twelve jurors, returnable January 7, 1913, for the trial of the cause, and a venire was issued in accordance with this order and a jury empaneled. Plaintiff in error filed a challenge to the array on the ground that the jury had not been called in accordance with the provisions of the statute, which challenge was overruled. He thereupon filed a cross-petition, claiming damages to property not taken. A trial was had before the jury, and resulted in a verdict finding that plaintiff in error was entitled to $500 as compensation for land taken and to $4500 as damages to land not taken. After overruling motions for a new trial and in arrest of judgment the court rendered judgment in accordance with the verdict of the jury, and Mower has sued out this writ of error to reverse that judgment.

It is first contended that the court had no jurisdiction to proceed with the condemnation of the land of plaintiff in

error,—first, because the Local Improvement act of 1897, under which the proceedings were had, contains no provision for the condemnation of land outside the limits of a city; and second, because the proceedings were brought to a probate term of the county court and the summons against plaintiff in error was returnable to a probate term.

While the Local Improvement act of 1897 does not, by express reference to land lying outside the limits of a city, contain any provision for the condemnation of the same, we have held, under a similar statute, that in the absence of such provision the power to condemn such land for the purpose of securing a suitable outlet for sewers within a city was necessarily implied, and was conferred upon the city by provisions similar to those contained in section 13 of the Local Improvement act of 1897. (*Maywood Co.* v. *Village of Maywood,* 140 Ill. 216.) Plaintiff in error insists, however, that the legislature, in 1905, by the addition of section 4 to an act entitled "An act to vest the corporate authorities of cities and villages with power to construct, maintain and keep in repair drains, ditches, levees, dykes and pumping works for drainage purposes by special assessment upon the property benefited thereby," (Hurd's Stat. 1911, chap. 24, sec. 336*a*,) and in 1910 by an act entitled "An act to authorize cities, villages and incorporated towns of 100,000 population and under to construct outlet sewers," etc., (Laws of 1910, p. 41,) made express provision for the condemnation of land for an outlet sewer, and the implied power therefore no longer exists. The act first above mentioned does not apply to the construction of sewers or to the condemnation of land for the purpose of obtaining an outlet therefor, but applies to the construction of drains, etc., for the purpose of providing a system of drains for the lands within the corporate limits of a city, village or town. The act of 1910 above mentioned makes provision for the condemnation of land outside the limits of a city for an outlet sewer when such city has a sewerage

system but has no adequate outlet therefor, but does not, by its terms, apply to a case such as this one, where the outlet sewer is to be constructed at the same time and as a part of a system of sewerage within the limits of the city. But were it otherwise, the proceedings to condemn land for an outlet sewer under the act of 1910 are governed by the provisions of the Local Improvement act of 1897, which were followed in this case. The proceedings were properly instituted and prosecuted in accordance with the provisions of the Local Improvement act of 1897.

With reference to the contention that a proceeding for the condemnation of land under the Local Improvement act of 1897 must be brought to a law term of the county court and not to a probate term, section 51 of the act provides that "the hearing in all the cases arising under this act, if in the county court, may be had at either a law or a probate term of said court." The decisions relied upon by the plaintiff in error in support of his contention that the county court was without jurisdiction to entertain proceedings brought to a probate term were rendered under statutes which contained no provision similar to that found in section 51, *supra*. (*People* v. *Brown*, 218 Ill. 375.) Under the present statute, by virtue of said section 51, the county court, at a probate term, has jurisdiction to hear the cause, and this necessarily implies that the petition may be filed to a probate term and all subsequent proceedings had at probate terms.

The court did not err in overruling the motion to dismiss on the ground that it was without jurisdiction to proceed with the cause for the reasons assigned by plaintiff in error.

It is also urged that the copy of the ordinance which was attached to and filed with the petition is not properly certified to by the city clerk, and that because of this alleged defect the court was, by section 14 of the Local Improvement act, required to dismiss the proceedings upon

motion by plaintiff in error. The basis for this contention is the fact that in his certificate to the copy of the ordinance the city clerk does not certify that he is city clerk, but by way of recital only describes himself as city clerk in and for the city of Rockford. This certificate was sufficient. The county court took judicial notice of the fact that the person making the certificate was the city clerk of the city of Rockford, and it was unnecessary for the clerk to certify to that fact or for the city to offer proof of his official character. We have held that a court will take judicial notice of who are justices of the peace and notaries public for the county in which the court is held; (*Shattuck* v. *People,* 4 Scam. 477; *Stout* v. *Slattery,* 12 Ill. 162; *Hertig* v. *People,* 159 id. 237; *Gilbert* v. *National Cash Register Co.* 176 id. 288;) that a court will take judicial notice of the several officers of the county in which it holds its sittings; (*Dyer* v. *Flint,* 21 Ill. 80; *Thielmann* v. *Burg,* 73 id. 293;) and that a court is presumed to know all public officers in civil affairs within its jurisdiction; (*Thompson* v. *Haskell,* 21 Ill. 214;) and in *Brackett* v. *People,* 115 Ill. 29, we held that a county court would take judicial notice of the official character, as city collector, of one to whom a warrant for the collection of a special assessment had been issued. Following these decisions, a county court is required to judicially know the persons holding the office of city clerk in the various cities within the county in which the court is held. The motion to dimiss the proceedings on the ground that the ordinance attached to the petition was not certified as required by statute was properly denied.

It is urged that the method followed in obtaining the jury in this cause was not in accordance with the statute, but as the method followed was that provided by section 200 of chapter 37 of Hurd's Statutes of 1911 for obtaining a jury for the trial of causes in the county court, either at a law or probate term, the contention is wholly without merit.

259 – 39

Plaintiff in error complains of the action of the court in sustaining objections to certain questions propounded by him to the city engineer, for the purpose, as stated by plaintiff in error in his argument, of showing that the city could equally as well obtain an outlet for the sewerage system by other routes which would not cross the land of plaintiff in error, it being contended by plaintiff in error that this proof would have shown that the city acted in bad faith in locating the outlet sewer over his land. If it be conceded that the proof would have tended to show bad faith on the part of the city, such proof would have had no bearing upon any of the issues before the jury. Section 23 of the Local Improvement act, under the provisions of which the jury were empaneled in this case, provides that the jury "shall ascertain the just compensation to be paid to the owner of each lot, block, tract or parcel of land to be taken or damaged in said proceeding, and shall also determine whether or not any lot, piece or parcel of land assessed in said proceeding, for which objections have been filed, has been assessed more than it will be benefited by said improvement." These are the only questions which can be submitted to or determined by a jury empaneled under section 23 of the Local Improvement act. (*Thomas* v. *City of Chicago,* 204 Ill. 611.) The only issue submitted to the jury in this case was the amount of compensation to be paid plaintiff in error for the land to be taken or damaged by the construction of the outlet sewer, and as the questions propounded to the city engineer by plaintiff in error had no bearing upon this issue, the objections thereto were properly sustained.

Other objections are urged to rulings of the court upon the admission of evidence, but there was no material error in any of these rulings, and the questions raised with reference thereto are not of sufficient importance to warrant any discussion thereof.

Plaintiff in error contends that the verdict of the jury was contrary to the evidence. The tract of land belonging

to plaintiff in error through which it is sought to condemn a right of way for the outlet sewer contains approximately 108 acres. It is located on Rock river and is underlaid with sand and gravel of a merchantable quality. The report of the commissioners contains no description of the land sought to be taken for right of way and allows no compensation therefor. It merely contains a description of the 108-acre tract and fixes the damages thereto at $500. The city offered this report in evidence and then rested its case. The plaintiff in error offered the testimony of several witnesses who were engaged in the sand and gravel business, and who testified that they had examined the premises of plaintiff in error and test pits which had been sunk thereon, and that the chief value of the land lies in the sand and gravel deposits. These witnesses fixed the value of the land taken at amounts ranging from $2000 to $20,000, and the damages to the land not taken at amounts ranging from $700 to $50,000. No evidence was offered by defendant in error in rebuttal upon the question of value or upon the question of damages. Defendant in error invokes the rule that where the amount awarded is within the range of the values fixed by the witnesses and the jury view the premises, this court will not disturb the judgment on the ground that the damages awarded are contrary to the weight of the evidence. In this case, however, the amount awarded as compensation for the land taken was $500, while the lowest value fixed by any of the witnesses was $2000. The report of the commissioners cannot be regarded as evidence either upon the question of value or upon the question of damages. While it is true that section 23 of the Local Improvement act provides that such report "shall be *prima facie* evidence, both of the amount of the compensation to be awarded, and of the benefits to be assessed," we held in *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 217 Ill. 343, in considering the constitutionality of that provision, that the effect of the provision was merely

to change the burden of proof. In discussing this question we there said: "Statutes giving *prima facie* weight to facts or to official certificates are properly regarded as rules of procedure changing the burden of proof. In the absence of this statute the city, in the case at bar, would have been required, in the first instance, to assume the burden of producing proof relative to the amount which the appellant company would be entitled to receive by way of compensation for so much of its right of way as would be also occupied by the proposed public way. The statute does no more than to declare that this amount shall be inferred or assumed from the report of the commissioners until evidence to the contrary is introduced." When plaintiff in error introduced evidence upon the question of the value of the land sought to be taken and upon the question of the damages to the land not taken the report of the commissioners ceased to have any weight as evidence, and it was then incumbent upon the city to meet the evidence offered by plaintiff in error upon these questions, unless the city was satisfied with the values and damages fixed by the witnesses for plaintiff in error. It is apparent that the jury either considered the report of the commissioners as evidence or ignored the testimony of the witnesses and based their verdict entirely upon their view of the premises. That the jury have no right to disregard the testimony of the witnesses and base their verdict upon their view of the premises is well established in this State. (*Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 Ill. 144; *Sanitary District* v. *Loughran,* 160 id. 362; *East St. Louis, Columbia and Waterloo Railway* v. *Illinois Trust Co.* 248 id. 559.) The court should have granted the motion for a new trial on the ground that the verdict was contrary to the evidence.

The judgment will therefore be reversed and the cause remanded to the county court for a new trial.

*Reversed and remanded.*