THE CITY OF PEORIA, Appellee, *vs.* THE PEORIA RAILWAY
COMPANY, Appellant.

*Opinion filed June 22, 1916.*

1. SPECIAL ASSESSMENTS—*what does not determine the question
whether improvement is local.* Whether an improvement is local
or not is a question of law for the court, to be determined from
the nature and object of the improvement, and is not to be deter-
mined from the action of a city official in spreading the assessment.

2. SAME—*what improvement is local.* The widening of a street
for a distance of some eight hundred feet, from thirty-three to
sixty-six feet, the condemnation of the necessary private property
and the putting of the surface of the street in condition for public
travel constitute a local improvement, even though the assessment
is spread over a large district and but a small amount is assessed
against property near the improvement.

3. SAME—*what is not a valid objection to assessment of bene-
fits.* The fact that an ordinance for widening an existing street
provides that the street, after widening, shall be put in condition
for public travel by the commissioner of public works, the ex-
pense to be paid out of the general fund of the city, without mak-
ing any reference to any grade for such work or providing for
letting the work to the lowest bidder, furnishes no valid objection
to the assessment of benefits for the portion of the improvement
which is to be paid for by special assessment.

4. SAME—*what does not affect validity of engineer's estimate.*
The fact that the engineer's estimate of the amount of court costs,
which is not to be paid out of the special assessment fund, is very
much smaller than the amount of actual costs allowed by the court,
constitutes no objection to the validity of the estimate.

5. SAME—*what does not amount to provision for two methods
of payment.* The fact that the expense of widening a street is to
be paid by special assessment, whereas, after widening, the street
is to be put in condition for public travel at the expense of the
general fund of the city, does not amount to a provision for two
methods of payment. (*Kuehner* v. *City of Freeport,* 143 Ill. 92,
distinguished.)

6. SAME—*effect of section 23 of Local Improvement act.* Sec-
tion 23 of the Local Improvement act, relating to improvements
where private property is to be taken, which provides that the
report of the officer "shall be *prima facie* evidence, both of the
amount of compensation to be awarded and of the benefits to be
assessed," merely relieves the city from assuming the burden of

proof in the first instance, and neither that section nor section 49 of the act authorizes a verdict for the amount of benefits assessed, where the objector's witnesses testify that there will be no benefits and the witnesses for the city merely testify that there will be some benefits but make no attempt to estimate the amount.

APPEAL from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding.

PAGE, HUNTER, PAGE & DALLWIG, for appellant.

R. H. RADLEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An ordinance was passed for widening the south end of Knoxville avenue, in the city of Peoria, from thirty-three feet to sixty-six feet for a distance of about eight hundred feet, for condemnation of the necessary land and for putting the surface of the avenue in condition for public travel. The ordinance provided that the improvement, the compensation for private property and the whole cost thereof, excluding the estimate of the engineer, amounting to $1600, should be paid for by special assessment. The petition for the improvement was filed in the county court and an assessment roll was prepared and filed, in which the property of the appellant, the Peoria Railway Company, was assessed $5000. The appellant filed objections to the assessment, both on legal grounds and because it would not be benefited by the improvement. The court overruled the legal objections, and upon a jury trial of the issue concerning benefits there was a verdict against the appellant, upon which judgment was entered, and an appeal was allowed and perfected.

Main street, in the city of Peoria, runs northwest and southeast. Knoxville avenue starts from Main street and runs north for two miles or more and is sixty-six feet

274 — 4

wide, except for about eight hundred feet at the south end, extending from Main street north, diagonally through one block. The appellant has a single-track railway on Glendale avenue, which runs northeast and southwest and crosses Knoxville avenue about the center of the portion to be widened. After crossing Knoxville avenue the line turns southeast on Main street, with double tracks, and passes along Main street at the south end of Knoxville avenue. The district assessed was about three miles long and from half a mile to a mile and a half wide at different places. The assessment roll described sixteen different portions of the appellant's tracks on various streets throughout the whole district and made an assessment of a lump sum against the whole.

It is assigned for error that the court refused to hold that the improvement was not a local improvement. There was no objection on that ground when the judgment of the court on the legal objections was rendered, but after the jury trial on the question of benefits the appellant asked leave to file additional objections, the fourth of which was that the improvement was not a local improvement. The motion, which was addressed to the discretion of the court, was denied, and as no reason was given for not presenting the objections before the judgment on the legal objections, the discretion was not abused. The question, however, may come up again, and therefore it is desirable to have it settled now. The argument is based on the fact that substantially nothing was assessed against property in the locality of the improvement, and therefore the improvement was regarded as of no local benefit. Whether an improvement is local or not is a question of law for the court, to be determined from the nature and object of the improvement. (*City of Chicago* v. *Blair,* 149 Ill. 310; *City of Waukegan* v. *DeWolf,* 258 id. 374.) The action of a city official in making an assessment does not determine the nature of the improvement, and although the widening of the street

would improve it for general travel it would necessarily be a particular advantage to the immediate locality, and it was a local improvement.

It is next argued that the ordinance was void because it provided that the avenue, after widening, should be put in condition for public travel by the commissioner of public works, and the expense was to be paid out of the general fund of the city. The objection is, that in requiring the avenue to be put in condition for public use no grade was fixed, it was left to the commissioner of public works to exercise his own judgment as to what should be done, and the statute requiring work costing more than $500 to be let to the lowest responsible bidder was disregarded. The appellant had a right to an enforcible provision that the avenue should be put in condition for the uses of a street and on such a provision being made it could be enforced, but nothing was to be paid out of the special assessment for that purpose. The cost of putting the avenue in condition was to be paid out of the general fund of the city, and the relation and interest of the appellant in the method of executing the provision were no different from that of any other citizen. Surely the grade of the existing street was already fixed, and if there was a violation of the law in respect to a misappropriation of public funds it gave no right to the appellant to question the assessment of benefits for widening the street.

An objection is urged to the estimate of the engineer, which was for commissioner's fee $500, other court costs $100 and damages to land not taken $1000, aggregating $1600, which was not to be paid out of the special assessment. It was not defective in any respect, and the fact that the actual costs allowed by the court were many times the amount of the estimate, so that the judgment of the engineer was decidedly incorrect, does not affect the validity of the estimate.

It is further objected that the improvement could not be made in part by special assessment and in part by payment out of the general fund of the city, because there can not be two methods of payment used in a single improvement. The statute provides for the method adopted, but it is insisted that such method violates the constitution. In *Kuehner* v. *City of Freeport,* 143 Ill. 92, it was held that the constitution did not permit imposing different conditions on property owners by combining special assessments and special taxation for the making of the same improvement, giving the municipality power to determine benefits in the case of special taxation and submitting to a jury the question of benefits under a special assessment. One method or the other must be pursued in charging property with the cost of the improvement, but the decision has no relation to the question raised here. The court did not err in overruling the legal objections.

On the jury trial the appellant examined five witnesses: the chief engineer of the railway company, the superintendent of the company, the manager of a title and trust company, a contractor experienced in railroad construction and a witness engaged in the real estate business, each one of whom testified that the proposed improvement would not benefit in any manner the property of the appellant. The appellee examined three witnesses, one of whom was in the automobile and insurance business, another employed by the city to take the time of the cars as they run on the streets, and the third the commissioner of public works, each of whom testified that the proposed improvement would benefit the property of appellant by enabling it to run its cars across Knoxville avenue, and on Main street at the south end of the avenue, with less care and caution, but neither of them testified to or estimated any amount of benefit and neither was asked to express any opinion on that subject. Their testimony was simply that if the avenue were widened, the motormen on cars passing on Main street at the

south end of the avenue and on cars crossing at Glendale avenue could see better and be better enabled to avoid accidents and need not run so slowly and with such care. A district extending two miles north of the place in question and a mile and a half wide at the north end was assessed because the widening would give better opportunities for the owners of the property assessed to reach the main part of the city, which would necessarily increase the travel on Knoxville avenue. The testimony for the appellant was that the improvement would be of no benefit to its property, and the only evidence for the appellee was that it would be of some benefit, but there was no evidence nor any ground for assuming that the benefit would equal the amount of the assessment.

To sustain the judgment the appellee relies upon the provision of the Local Improvement act that the assessment roll shall be *prima facie* evidence of the amount of benefits assessed, and contends that the verdict of the jury as to the amount was properly based on the assessment roll, without any other evidence. The appellant calls attention to section 49 of the Local Improvement act, containing the provision that the assessment roll shall be *prima facie* evidence of the correctness of the amount assessed against each piece of property but shall not be counted as the testimony of any witness or witnesses in the case. The appellee replies that section 49 is not applicable to the case where private property is to be taken but section 23 is the one applicable to this case, and is free from the qualification that the roll shall not be counted as the testimony of any witness. Section 23 provides: "On such hearing the report of the officer, so returned and filed as aforesaid, shall be *prima facie* evidence, both of the amount of the compensation to be awarded, and of the benefits to be assessed." Acceptance of the view that section 23 applies is fatal to the argument, since it has been decided in at least two cases that the section merely changes the burden of proof and permits the

municipality to make a *prima facie* case by introducing the assessment roll. In *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago*, 217 Ill. 343, the constitutionality of section 23 was questioned, and the section was sustained because statutes giving *prima facie* weight to certain facts or to official certificates are properly regarded as rules of procedure changing the burden of proof, and section 23 merely relieves the city of the necessity of assuming the burden of proof in the first instance, and the amount reported is to be inferred or assumed from the report until evidence to the contrary is introduced. In *City of Rockford* v. *Mower*, 259 Ill. 604, it was held that section 23 merely changes the burden of proof, and when the property owner introduced evidence to sustain his claim the report ceased to have any weight as evidence. To hold that the report of the employee of the city, made without any opportunity for cross-examination or to find out the basis of his estimate and whether legitimate elements only were included, although under oath, could form the basis of a verdict of a jury as against sworn testimony, would be a serious invasion of the right to have the question of benefits determined by a jury. The report of the officer bears no resemblance to cases where the existence of one fact is *prima facie* evidence of another fact to which it sustains some fair relation or with which it has some natural connection, and statutes making proof of the first fact *prima facie* evidence of the second do not apply. The verdict was not based on any evidence, but, at least so far as the amount of the assessment was concerned, was contrary to all the evidence in the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*