(No. 32672.—

THE CITY OF MONTICELLO, Appellee, *vs.* WILLIAM LECRONE *et al.,* Appellants.

*Opinion filed March 23, 1953.*

HUTSON & HUTSON, and HAWBAKER & SIEVERS, both of Monticello, for appellants.

C. E. CORBETT, of Monticello, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the county court of Piatt County confirming a special assessment against each of the properties owned by the appellants to pay the cost of constructing a system of sewers on portions of certain streets in the city of Monticello to be designated as Sewer District No. 6. This appeal is brought here directly from the county court as authorized by section 84-95 of the Revised Cities and Villages Act. Ill. Rev. Stat. 1951, chap. 24, par. 84-95.

This case had its beginning in the said county court of Piatt County on the filing by the city of Monticello of its petition for a special assessment. One Joseph H. Faith was duly appointed as the officer to prepare and spread said assessment on the various properties that would be benefited by the construction of said improvement. Return was made

on said assessment by the filing in said court of the assessment roll, which purported to show that a special assessment should be assessed against each of the appellants' properties and designated the amount thereof. Numerous objections were filed and after a hearing all were overruled except one asserting that each of the properties of these objectors was assessed more than it would be benefited and more than its proportionate share of the cost of said improvement. No appeal was taken from the rulings of the court except on the objection made by each of these appellants to the effect that the proposed sewer, when constructed, would not benefit their properties to the amount assessed against them, and that the said amount assessed against their properties was more than a proportionate share of the cost of said improvement.

A jury trial was had upon the above objection, as provided by statute, resulting in a verdict for the petitioner to the effect that no lot, block, tract or parcel of land belonging to the objectors had been assessed more than it would be benefited or more than its proportionate share of the total cost of the improvement. Motions for judgment notwithstanding the verdict and in the alternative for a new trial were filed by each of the objectors and overruled. Judgment was entered against each of said properties for the amount shown to be assessed against them in the assessment roll.

One of the principal contentions of the appellants is that the trial court committed reversible error by not sustaining the motion for judgment notwithstanding the verdict, or in the alternative in not granting the motion for new trial. To determine this question a careful review of the evidence is necessary.

At the trial, the petitioner, in the first instance, offered, and the court admitted into evidence, the assessment roll filed in this proceeding. This of itself, by the statute, is *prima facie* evidence of the correctness of the amount

assessed against each objecting owner, but is not to be counted as the testimony of any witness or witnesses in the cause. (Ill. Rev. Stat. 1951, chap. 24, par. 84-49.) Thereupon the objectors produced eight witnesses. Of these eight, four, Sam Grabb, William LeCrone, M. Frances Cade, and Bernard L. Dunlap, were objectors, and a fifth, Clarence Wittig, was the agent of the objector, Brent Henderson, and the equitable owner of the premises involved.

Sam Grabb testified that about nine years ago he had built a six-inch sewer for the LeCrone, Cade, and his own residence property, and with the permission of the city council had connected the same to the city sewer. He further testified all of said sewers worked perfectly and that the construction of this proposed sewer would be of no benefit to any of the above-named properties. William LeCrone testified that he had purchased his property from Sam Grabb, that he never had any trouble with the sewer, and that the assessment on his property was more than its proportionate share of the cost of the proposed improvement. Frances Cade, also an objector, in her testimony stated that the existing sewer on her property was working satisfactorily. Bernard L. Dunlap testified that the septic tank or cesspool located on his property, and which furnished sewer facilities for it, was working satisfactorily and he would have no reason to connect with the sewer if the same were constructed.

Appellants produced four other witnesses who were not objectors. One of them, Ed Vance, testified that he had built the sewer for the Grabb house nine years previously, that the same had been inspected at the time it was built by the street commissioner of the city of Monticello, and the said commissioner had assisted in connecting it to the city line. Another witness, Willard C. Huffman, a real-estate and insurance agent for six years in the city of Monticello, testified that in his opinion the properties of Brent Henderson, Sam Grabb, and LeCrone would not be in-

creased in value by the construction of the proposed sewer but that the Dunlap property would be to the extent of $100. The objectors also elected to call as their witness one Joseph Faith, the officer appointed by the court to spread the assessment in this sewer district. He testified that in spreading the assessment against the respective properties he had made distinction between the improved lots on which houses were located, and vacant lots, assessing all vacant lots the same, and all improved lots the same. He further stated that he based his assessment on calculations according to the front footage as near as possible, but also on the basis of benefit rather than just by the frontage. He also testified that he did not take into consideration the sewer facilities testified to by the objectors and their witnesses. The foregoing is, in substance, the testimony produced for the objectors.

The petitioner thereupon produced three witnesses, T. R. Harris, Roy Woods, and Mrs. Max Wileaver. The latter did not testify to any material facts. T. R. Harris was the engineer for the improvement. He identified the plans and profiles for the sewer which were admitted into evidence, but which were not abstracted here. He did testify, however, that where two properties are served by a six-inch sewer and the other two by four-inch stubs off the six-inch sewer, asserted to be the case here, such facilities would not meet the standards of the engineering profession applying to sewers, and would not receive the approval of the State Board of Health. Roy Woods, sanitarian for the Piatt-De Witt Health Unit, states that he made a survey of the area to be served by the proposed new sewer. He found on the Dunlap property an open ditch flowing north to an open hole about four feet square and three or four feet deep. He testified further that from this hole a ditch led to another north of Railroad Street. In these ditches he found septic water from the hole above mentioned, which had an odor. Aside from the foregoing the

petitioners produced no other evidence except the assessment roll filed in this cause, which, by the statute, as we have stated heretofore, made out a *prima facie* case for the petitioner. The effect of this statute is that when the objector introduces evidence that his property will not be benefited or is assessed more than its proportionate share of the cost of the improvement the roll ceases to have any weight as evidence. *City of Peoria* v. *Peoria Railway Co.* 274 Ill. 48; *City of Rockford* v. *Mower,* 259 Ill. 604.

The objectors contend that because of the above rule concerning the assessment roll, there is no evidence in the record to support the verdicts rendered in this cause, and the motion for judgment notwithstanding the verdict should have been allowed.

The Civil Practice Act and Rule 22 of this court require the court to be governed by the same rules in passing upon a motion for judgment notwithstanding the verdict as are applicable in passing on a motion to direct a verdict. (*Neering* v. *Illinois Central Railroad Co.* 383 Ill. 366.) The question before the trial court in passing on a motion for judgment notwthstanding the verdict and also this court on appeal is one of law which is to determine whether there is any evidence in the record which, taken with its intendments most favorable to the petitioner, tends to prove that the objectors' properties were benefited to the extent of the special assessment as found by the jury in its verdict, or were not assessed more than their proportionate share of the cost of the improvement. If there is in the record evidence which, standing alone, tends to prove these material allegations the motion should be denied, even though upon the entire record the evidence may preponderate against the petitioner, and the verdict would not stand when tested by a motion for new trial. *Walaite* v. *Chicago, Rock Island and Pacific Railroad Co.* 376 Ill. 59; *Nelson* v. *Stutz Chicago Factory Branch, Inc.* 341 Ill. 387; *Merlo* v. *Public Service Co.* 381 Ill. 300.

The evidence of the engineer to the effect that the existing sewer facilities of the objectors did not meet the approved standards of the engineering profession or the requirements of the State Board of Health does tend to prove that the objectors' properties would be benefited by the construction of the proposed improvement. Also, the testimony of the witness Roy Woods, especially in reference to the Dunlap property, tends to prove the material allegations of petitioner's case—that the property would be benefited. The testimony of Joseph Faith, the officer who spread the assessment, also tends to prove that the amount fixed on the assessment roll as the assessment of each of the various properties of the objectors was based upon the benefit to the properties, even though the objectors here object to the method of the spreading of this assessment. · Therefore, even though the objectors contend that the assessment roll ceased to have any evidentiary value after they introduced evidence to the contrary of the *prima facie* case first established by it, there is sufficient evidence in the record remaining to justify the court in overruling the motion for judgment notwithstanding the verdict and the trial court committed no error in so doing.

It is now necessary to determine whether the trial court was correct in overruling the alternative motion for new trial filed in this cause. The rule is well settled that a court will not set aside a verdict merely because the evidence is conflicting. Nor can a reviewing court usurp the function of a jury by substituting its judgment for that of a jury in passing on the weight and credibility of conflicting testimony. (*People* v. *Bond,* 281 Ill. 490; *Franks* v. *Matson,* 211 Ill. 338.) In the instant case the petitioner introduced the assessment roll which of itself was, as we have above stated, sufficient to make a *prima facie* case and in the absence of evidence to the contrary would entitle the petitioner to have the assessment roll confirmed. (*City of Peoria* v. *Peoria Railway Co.* 274 Ill. 48.) However, the

objectors here did introduce evidence of a contrary nature, by their own testimony and that of several other witnesses, to the effect that their properties would not be benefited, and were assessed more than their proportionate share of the cost of the improvement. They also offered evidence that their properties had sufficient sewer facilities. On the completion of the objectors' case, petitioner did produce the engineer for the improvement and the sanitarian for the Piatt-De Witt Health Unit, the testimony of each of whom is reviewed above. An inspection of the record clearly discloses evidence to support the verdicts rendered by the jury in this case as well as evidence to the contrary. Where the evidence is conflicting and the finding of the jury is not clearly against the preponderance of the evidence, and here it is not, this court will not set aside the verdict. (*Franks v. Matson,* 211 Ill. 338.) Nor can this court substitute its judgment for that of a jury in passing on the weight and credibility of conflicting evidence. (*People* v. *Bond,* 281 Ill. 490.) The trial court committed no error in overruling the motion for new trial.

The objectors also contend that the special assessment made for the public improvement here is improper since it is based upon the front footage of the lots along the proposed improvement. Front footage is not the only basis for the assessment. Joseph Faith, the officer appointed by the court to spread this assessment and who was presented by objectors as a witness, testified that in spreading the assessment he also considered benefits to the properties on a footage basis. While a special assessment made on a frontage basis, merely, without regard to benefits, would be invalid, the law does not preclude the commissioner taking into consideration foot-frontage of the various lots as an element in fixing the amount of the assessment. (*City of Belleville* v. *Miller,* 257 Ill. 244.) However, this is not a question that can properly be raised in this proceeding. We are concerned here only with the questions presented

in the proceeding before the jury, which were whether the objectors' properties were benefited to the extent of the amount assessed against them, or that they were assessed more than the proportionate share of the cost of the improvement. This court has repeatedly held that on a hearing before a jury no other questions can be presented to a jury for its consideration. (*City of Peoria* v. *Smith*, 232 Ill. 561.) Whether the plan of distribution of the cost of an improvement is equitable is a question for the court, and this issue is not to be confused with the questions whether property is assessed more than it is benefited or more than its proportionate share, as those are only questions to be tried before a jury. (*City of Batavia* v. *Wiley*, 342 Ill. 384.) Therefore, it is clear that the objections urged in reference to the plan of distribution of the cost of the improvement are not before this court in this proceeding.

It is also urged by the objectors that the trial court erred in not granting a new trial to the objectors on account of the misconduct of counsel during the course of the trial. In support of this contention it is shown that when the court announced, during the trial, a recess, the attorney for the city arose in the presence of the jury, faced the courtroom, and said, "Will all of the people in the court-room who are in favor of this assessment come outside with me?" An objection was made to the statement which the court promptly and properly sustained, and instructed the jury to disregard it. Whether a new trial should be granted because of improper remarks claimed to have prejudiced the jury rests in the sound discretion of the trial court, and in the absence of abuse thereof courts of review will not interfere. (*West Chicago Street Railroad Co.* v. *Annis*, 165 Ill. 475.) There was no abuse of discretion in denying the motion for a new trial on account of conduct of the attorney for the city. The other statement of the city attorney of which the objectors complain

is to the effect that when the court sustained an objection to certain evidence offered in connection with the testimony of one of the petitioner's witnesses, Mrs. Max Wileaver, the attorney for the city said he had several other witnesses along the same line. The record fails to show any objection on the part of the objectors, but we are of the opinion that no prejudice resulted to the objectors by reason of said statement.

For the foregoing reasons, it is evident that the judgment of the trial court is correct, and it is, therefore, affirmed.

*Judgment affirmed.*